WILLIAM A. CHERRY, plaintiff in error, *vs.* THE HOME BUILDING AND LOAN ASSOCIATION, defendant in error.

A defendant who has moved to open a judgment against him may dismiss his motion after the judge has announced orally his purpose to grant the motion. At that stage of the proceeding, the movant may decline to accept a decision in his favor, whether he would be bound by one against him or not.

Practice in the Superior Court. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1874.

Cherry moved to set aside five judgments of foreclosure of mortgages rendered against him in favor of the Home Building and Loan Association, upon the ground that the rules *nisi* in such cases did not call upon him to pay into court any specific sum of money, but only the principal, interest and installments due in accordance with the charter and by-laws of said association; that not having any defense to the payment of that amount, he did not answer said rules *nisi*; that thereupon, by reason of an illegal and mistaken construction of said charter and by-laws, rules absolute were taken for more than treble the sum really due.

This question was argued, but a decision was postponed in

order to enable the court to discover whether the matter complained of could not be remedied by writing off a portion of the various amounts for which the rules absolute were rendered. To this end reference was made to an auditor to ascertain what was really due upon the several mortgages. Upon his report coming in, the court announced orally that he should order the rules absolute opened. After this announcement, but before it had been reduced to writing, counsel for Cherry moved to dismiss their motion. This the court refused to permit, and to this ruling exception was taken.

WHITTLE & GUSTIN, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS, for defendant.

BLECKLEY, Judge.

If the decision, foreshadowed by the court, had been one in denial of the motion, perhaps it would have been too late to withdraw; but we do not see why a victory may not be declined in the very moment of success. Men do not always know what to pray for; and when they see that an ill-chosen petition is about to be granted, to be obliged to persevere in it and accept the boon, whether they will or not, would be a strict rule of practice. It would seem that they ought to be allowed to drop their suit and quit the court—taxed only with the costs. Judgment on the motion was still in the future; it was not actually rendered; the judge simply announced, orally, that he should order the rule absolute opened; he passed no order. The case is not like that of a verdict made up and signed: 7 *Georgia*, 191; 34 *Ibid.*, 572; 48 *Ibid.*, 592. It may be, too, that even a verdict, wholly in the plaintiff's favor for all his demand, would be no bar to a dismissal of the suit until after entry on the minutes, or perhaps until after the signing of judgment thereon: Code, section 3447.

Judgment reversed.