## PEOPLES BANK OF TALBOTTON *v.* EXCHANGE BANK OF MACON.

The general rule that the plaintiff may voluntarily dismiss his case is applicable in a case which has been referred to an auditor, exceptions to the auditor's report filed and sustained, and a judgment rendered by the Supreme Court reversing the judgment sustaining the exceptions and in effect declaring that judgment should be entered in conformity to the auditor's report. The right of the plaintiff to voluntarily dismiss exists until the trial judge announces a decision striking or overruling the exceptions and ordering a decree entered in conformity to the report. It is not knowledge of the possible result of a case, but of the actual result, which takes away the right to dismiss.

Argued December 15, 1903. — Decided January 13, 1904.

Equitable petition. Before Judge Butt. Talbot superior court. March 10, 1903.

*Persons & McGehee* and *J. H. Martin,* for plaintiff in error.

*Bacon, Miller & Brunson, Hatcher & Carson,* and *J. J. Bull,* contra.

COBB, J.  The Exchange Bank of Macon filed an equitable petition against the Peoples Bank of Talbotton, praying that the defendant be required to transfer on its books certain shares of capital stock which had been transferred to plaintiff by one Estes. The defendant answered that Estes was largely indebted to the defendant, and set up that it had a charter lien upon the stock to secure the payment of the debt.  The defendant did not in its answer pray for any affirmative relief against the plaintiff, either by way of set-off or otherwise.  The case was referred to an auditor, who was authorized to pass on all questions both of law and fact.  The auditor heard the case and filed his report finding that Estes was largely indebted to the defendant, and that it had a lien on the stock in controversy.  The plaintiff filed exceptions of law and fact, and, by consent, the presiding judge passed upon the case without the intervention of a jury.  The court rendered a decree in favor of the plaintiff, requiring the defendant to transfer the stock in question.  The defendant brought the case to this court, and the judgment was reversed. 116 *Ga.* 820.  On the first day of the term of the superior court following the judgment of reversal, the remittitur having been duly transmitted, the judgment of the Supreme Court was made the judgment of the superior court.  On the following day the case was called, and counsel for plaintiff moved to dismiss the case.  Counsel for defendant objected on the ground that it was entitled to a decree in conformity with the judgment of the Supreme Court, which was in effect a confirmation of the auditor's report.  The court allowed the plaintiff to voluntarily dismiss the case, and to this judgment the defendant excepted.

The code declares that the plaintiff in any case in any court may dismiss his action, either in vacation or term time.  Civil Code, § 5044.  And that a petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant; but that if claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding.

Civil Code, § 4970.   It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not.   *Merchants' Bank* v. *Rawls*, 7 *Ga.* 191; *Pceples* v. *Root*, 48 *Ga.* 592; *Cherry* v. *Building and Loan Association*, 55 *Ga.* 19; *Meador* v. *Bank*, 56 *Ga.* 605 (4); *Brunswick Grocery Company* v. *Railroad Company*, 106 *Ga.* 272.   The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal.   When a verdict in favor of the defendant has been reached but not returned into court, and the plaintiff in some way acquires actual knowledge of the finding, he can not exercise his right to voluntarily dismiss.   The right of voluntary dismissal exists even though the case has been referred to an auditor and is in process of determination by him.   *Jackson* v. *Roane*, 96 *Ga.* 40.   It has also been held that it was the right of a plaintiff in ejectment, after a judgment in his favor had been set aside by the Supreme Court, to dismiss his action at any time before the case was tried again.   *Bleckley* v. *White*, 98 *Ga.* 594.   When a case has been referred to an auditor and he has made his report finding in favor of the defendant, and exceptions both of law and fact have been filed by the plaintiff, his right to voluntarily dismiss the case exists until he has actual knowledge of what is the determination of the questions raised by the exceptions, by the tribunal authorized by law to pass upon them; and if the case be brought to the Supreme Court, and under the decision of that court in the then condition of the pleadings the court below would be compelled to give the case a certain direction when it came on for final decision, the right of voluntary dismissal exists until the judge of the court below has duly announced that a judgment will be rendered carrying into effect the decision of the Supreme Court.

It was argued that the judgment of the Supreme Court, reversing and remanding the case, was equivalent to a verdict.   The

effect of that judgment was simply to remand the case to the court below, to be finally disposed of according to the law as declared by the Supreme Court. The exceptions of law and fact being undisposed of by any order of the superior court, and no decree having been entered in the case, the right of the plaintiff to voluntarily dismiss the case existed until there was an order of the judge, oral or otherwise, directing a decree entered in accordance with the decision of the Supreme Court, or at least until the judge had announced what would be *his* decision in the case in the light of the judgment of the Supreme Court. The plaintiff knew what would be the probable result of the case when it reached the superior court, and what was the only legally possible result of the suit; but its right to dismiss existed until it knew the actual result of the case in the superior court. The court having done nothing to attempt to carry into effect the decision of the Supreme Court, there was no error in allowing the plaintiff to voluntarily dismiss the case. Great stress was laid in this court on the hardship resulting from the dismissal of this case and placing the plaintiff in a position where it could again litigate with the defendant the questions passed upon by the auditor, the judge of the superior court, and the Supreme Court. No greater hardship results in this case than in any other case where the plaintiff has been allowed to dismiss his case after a trial and before there has been a termination of the litigation by verdict or judgment of which the plaintiff had knowledge. Very great hardship may result to the defendant from allowing the plaintiff to exercise its right of dismissal, but the statute, the decisions of the Supreme Court, and the practice of years all authorize it under the limitations above referred to; and after a careful consideration of the present case, we can see no reason to take it out of the general rule.       *Judgment affirmed. All the Justices concur.*