## 29401. COOPER et al. v. ROSSER.

UNDERCOFLER, Justice.

This case was tried by the judge without a jury and a judgment was entered for the defendants. On a review of that judgment by this court, the case was remanded to the trial court to "find without alternatives whether the evidence is insufficient or not to show encroachment." *Cooper v. Rosser,* 232 Ga. 597, 599 (207 SE2d 513). After the remittitur of this court was filed in the trial court, the complainants on August 7, 1974, dismissed the complaint without prejudice. The defendants were not served with the attempted dismissal. On August 28, 1974, the trial court complied with the remand of this court and found that the evidence was insufficient to show "that the defendant Rosser has encroached upon" certain property. The appeal is from this judgment. *Held:*

1. The appellants contend that the trial judge had no jurisdiction to enter his judgment of August 28, 1974, because the complaint had been dismissed by them and was no longer in the trial court's jurisdiction.

Code Ann. § 81A-141 (a) provides: "(a) Voluntary dismissal subject to the provisions of section 81A-123 (c), of section 81A-166, and of any statute, an action may be dismissed by the plaintiff, without order of court, by filing a written notice of dismissal at any time before verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Ga. L. 1966, pp. 609, 653.

"It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached . . . *Merchants' Bank v. Rawls,* 7 Ga. 191; *Peeples v. Root,* 48 Ga. 592; *Cherry v. Building & Loan Assn.,* 55 Ga. 19; *Meador v. Bank,* 56 Ga. 605 (4); *Brunswick Grocery Co. v. Railroad Co.,* 106 Ga. 272 [32 SE 92]. The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is

to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained." *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416).

It follows that the complainants cannot dismiss their complaint after the judgment has been entered. Compare *Arrendale v. Arrendale,* 228 Ga. 295 (185 SE2d 83). The trial court, therefore, had jurisdiction to comply with directions given on the remand by this court.

2. The appellants contend that the directions given the trial court by our previous judgment on remand entitled him to a new trial and required the trial court to reconsider the evidence. The trial court fully complied with the directions of this court on remand and there is no merit in this contention.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs specially.*

SUBMITTED NOVEMBER 15, 1974 — DECIDED DECEMBER 3, 1974 — REHEARING DENIED DECEMBER 17, 1974.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants.

*Gammon & Anderson, Wayne W. Gammon,* for appellee.