## 31646. JONES et al. v. BURTON.

GUNTER, Justice.

This appeal is from a judgment in a partitioning action that refused to require the division of a tract of land into several parcels but ordered sale of the tract for division of the proceeds among the owners.

Appellants, the plaintiffs below, brought this action that sought to divide a tract of land into several parcels to be thereafter owned by the admitted owners of the entire tract. The undivided interests and the owners thereof were stipulated; and the only issue for decision was whether or not the desired partitioning into several tracts was feasible. The trial judge, sitting without a jury, heard the case; after the close of the evidence the trial judge announced to counsel for the parties that he would enter a judgment denying division of the tract into several parcels but would order sale of the entire tract for division of the proceeds of the sale among the owners; he directed the attorney for appellee Burton to prepare the judgment; the appellants then filed a voluntary dismissal of their action; appellee Burton moved to strike the voluntary

dismissal of appellants; the trial judge ruled that the filing of the voluntary dismissal took place after the attorney for the appellants was advised of the judgment of the court; he ruled that the voluntary dismissal was improperly and untimely filed; he ordered the voluntary dismissal stricken; he entered a final judgment ordering sale of the tract and denying partitioning in kind; and appellants have come here for review of that judgment.

Appellants have enumerated three errors in this court: The trial court erred in striking the appellants' voluntary dismissal; the appellants' motion for judgment as a matter of law at the close of appellee's evidence should have been granted; and the judgment ordering sale of the tract rather than partitioning in kind was erroneous.

1. For purposes of this case the relevant part of Code Ann. § 81A-141 (a) provides that: "An action may be dismissed by the plaintiff, without order of the court, by filing a written notice of dismissal at any time before verdict."

The issue posed here is rather simple. In a case tried before the trial judge without a jury, is a voluntary dismissal filed after the trial judge has announced his judgment, but before his judgment is actually entered, an effective dismissal of the action?

In *Cooper v. Rosser,* 233 Ga. 388 (211 SE2d 303) (1974), this court quoted from its earlier decision in *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416): "It has been held that the plaintiff's right to dismiss cannot be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached . . . [Cits.] The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he cannot, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained."

It is the view of this court that once a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal.

We also conclude that the announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge. Rulings to the contrary in *Hobgood v. Neely,* 139 Ga. App. 135 (228 SE2d 30) (1976) and *Wilson v. Matthews,* 120 Ga. App. 284 (170 SE2d 346) (1969), are disapproved and will not be followed.

Prior to the enactment of our Civil Practice Act, the statute relating to a voluntary dismissal of an action by a plaintiff was contained in Code Ann. § 3-510. It read in pertinent part: "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, ..." The Civil Practice Act specifically repealed this statutory provision and enacted Code Ann. § 81A-141 (a) quoted above. This court has not ruled on this statutory change, other than in *Cooper v. Rosser,* supra, since the effective date of the Civil Practice Act.

Under the pre-CPA statute this court had ruled both in favor of and against dismissal by the plaintiff after he had ascertained the factual result reached by the fact-finder.

In *Brunswick Grocery Co. v. Brunswick & Western R. Co.,* 106 Ga. 270 (1) (32 SE 92) (1898), this court ruled: "It is too late for the plaintiff in a civil action to dismiss the same after positive knowledge by his counsel that the jury have agreed upon a verdict for the defendant, and are about to return the same into court; especially when it appears that this knowledge has been acquired with the assent of the presiding judge and of counsel on both sides." But see the ruling of this court in *Macon, Dublin & Savannah R. Co. v. Leslie,* 148 Ga. 524 (70 SE 1126) (1918): "It is not error to permit a plaintiff to dismiss his case after the trial judge has announced in open court the direction of a verdict for the defendant, and while the verdict directed is being written, but before it is actually signed."

We disapprove the principle set forth in the latter case as well as the reasoning on which it is based. Because

of the statutory change, the enactment of the Civil Practice Act, it is not necessary to explicitly overrule *Leslie*. Nevertheless, to make the current rule plain, clear, and understandable, we expressly overrule *Leslie*.

2. A review of the evidence shows that the trial judge did not commit error in denying appellants' motion for a judgment in their favor as a matter of law at the close of the appellee's evidence.

3. A review of the evidence also shows that the trial judge was quite justified in denying partition in kind and ordering a sale of the entire tract for division of the proceeds among the owners of the undivided interests in the land. We find no error.

*Judgment affirmed. All the Justices concur, except Ingram and Hall, JJ., who concur in the judgment only.*

SUBMITTED OCTOBER 15, 1976 — DECIDED FEBRUARY 22, 1977.

*Short & Fowler, Larkin M. Fowler, Jr.,* for appellant.
*Walter H. New, Allen D. Denton,* for appellee.