38712. KILBY et al. v. KEENER.

JORDAN, Chief Justice.

Keener's complaint alleged wrongful possession of lands by the Kilbys. The Kilbys' counterclaim sought to cancel Keener's deeds. The trial court sustained Keener's motion for partial summary judgment and dismissed the Kilbys' counterclaim. The Kilbys appeal. We affirm.

The Kilbys previously had sued Keener seeking cancellation of the identical deeds. In the first case, the trial court entered an order sustaining Keener's motion to dismiss but allowing the Kilbys thirty days to amend. The Kilbys did not appeal within thirty days from entry of that order. Neither did they appeal within thirty days from the thirtieth day allowed for an amendment. Neither did the Kilbys amend their complaint within the thirty days allowed for amendment. Instead, after entry of the order, and during the thirty-day period, the Kilbys filed a notice purporting to dismiss their

complaint voluntarily pursuant to Code Ann. § 81A-141 (a).

The question presented, therefore, is whether the purported voluntary dismissal was effective.

We hold that the dismissal notice was not effective. The right to dismiss given to the plaintiff by Code Ann. § 81A-141 (a) cannot be exercised after entry in the trial court of a verdict or judgment for the defendant because the right given to the plaintiff by that section cannot be used to deprive the defendant of victory thus gained. *Cooper v. Rosser,* 233 Ga. 388 (1) (211 SE2d 303) (1974). This principle also has been applied to attempts to dismiss made by plaintiffs between the time when the court announces judgment and the time judgment actually is entered. *Jones v. Burton,* 238 Ga. 394, 395 (1) (233 SE2d 367) (1977). The principle we apply in this case is not new. Voluntary dismissal is not one of the three alternatives available to a plaintiff after entry of an order sustaining a motion to dismiss with leave to amend within a stated number of days.[1] *Peacock Const. Co. v. Chambers,* 223 Ga. 515, 517 (156 SE2d 348) (1967). The trial court did not err by sustaining Keener's motion for partial summary judgment and by dismissing the Kilbys' counterclaim.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1982.

*Cathey & Strain, Dennis T. Cathey,* for appellants.
*Sutton & English, Richard D. Tunkle,* for appellee.

---

[1] The three alternatives available to the plaintiff after entry of an order sustaining a motion to dismiss with leave to amend within a stated number of days are (1) immediate appeal, (2) appeal within thirty days from the last day allowed for amendment, or (3) a timely amendment. *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348) (1975).