75046. JOHNSON et al. v. WADE.
(362 SE2d 469)

Pope, Judge.

Plaintiffs filed suit against defendant on May 22, 1985, seeking damages for personal injuries allegedly sustained when defendant collided with the car in which they were traveling. Defendant answered and filed a counterclaim against two of the plaintiffs. Defendant subsequently served each of the plaintiffs with requests for admissions, requests for production of documents and interrogatories. Plaintiffs responded to the requests for admissions, but failed to respond to the remaining discovery.

On January 23, 1987 defendant filed a Motion for Imposition of Sanctions based on plaintiffs' failure to respond to the discovery, seeking, inter alia, the dismissal of plaintiffs' complaint. See OCGA § 9-11-37 (b) and (d). Plaintiffs never responded to defendant's motion and a hearing was neither requested nor held. On February 17, 1987 one of the plaintiffs (the driver of the car) filed a dismissal with prejudice as to her claims only. On March 24, 1987 the remaining plaintiffs filed a voluntary dismissal pursuant to OCGA § 9-11-41 (a). On March 23, 1987 the trial court signed an order granting defend-

ant's motion for sanctions and dismissing plaintiffs' claims with prejudice; however, the order was not filed until March 30, 1987. Plaintiffs appeal, contending that the trial court's order, filed after their voluntary dismissal pursuant to OCGA § 9-11-41 (a), was a nullity. *Held:*

1. Pursuant to OCGA § 9-11-41 (a) a plaintiff may voluntarily dismiss his action, without order or permission of the trial court, any time before he rests his case. However, " 'the announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge. *Jones v. Burton,* 238 Ga. 394, 396 (233 SE2d 367) (1977).' (Punctuation omitted.) *Pizza Ring Enterprises v. Mills Mgt. Sources,* 154 Ga. App. 45 (2) (267 SE2d 487) (1980). " 'It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal.' " *Groves v. Groves,* 250 Ga. 459 (298 SE2d 506) (1983).

Plaintiffs contend that they had no knowledge of the court's decision granting defendant's motion for sanctions and dismissing their action with prejudice at the time they filed their voluntary dismissal. Defendant maintains, however, that plaintiffs acquired knowledge of the trial court's intention to grant the motion on March 13, 1987, as evidenced by a letter attached to defendant's brief. Pretermitting the question of whether that letter, addressed to the trial court and written by defendant's counsel, and which references a "proposed Order" for the court's "consideration," imputed knowledge to plaintiffs of the trial court's decision to dismiss plaintiffs' action with prejudice, this evidence cannot be considered in support of defendant's assertion that plaintiffs had knowledge of the trial court's decision prior to the filing of their dismissal. " 'A brief [or attachment thereto] cannot be used in lieu of the record or transcript for adding evidence to the record. (Cits.) We must take our evidence from the record and not from the brief of either party.' *Blue v. R. L. Glosson Contracting,* 173 Ga. App. 622 (1) (327 SE2d 582) (1985)." *Johnson v. Medlin,* 178 Ga. App. 650, 651 (344 SE2d 504) (1986).

Moreover, although the trial court's order was signed on March 23, 1987, the day before plaintiffs filed their dismissal, we find no evidence that plaintiffs actually received the order, or a copy thereof, before they filed their dismissal. Indeed, counsel for defendant represented that the trial court forwarded the order directly to him after it was signed and that he received it on March 25, 1987 and thereafter forwarded it to the clerk for filing. Thus, based on the record before us, we find no evidence that the trial court announced or communicated its decision to plaintiffs prior to the filing of their voluntary dismissal. Consequently, we are compelled to agree with plaintiffs

that the trial court's subsequent order dismissing their action with prejudice was without effect. Accord *Bytell v. Paul*, 173 Ga. App. 83 (325 SE2d 451) (1984); *Pizza Ring*, supra at 46; cf. *Hannula v. Ramey*, 177 Ga. App. 512 (1) (339 SE2d 735) (1986); *Mixon v. Trinity Svcs.*, 176 Ga. App. 679 (1) (337 SE2d 362) (1985).

2. Based on the foregoing, it is unnecessary for us to consider plaintiffs' remaining enumerations of error.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 29, 1987.

*Daniel T. Donohue*, for appellants.
*Richard B. Eason, Jr.*, for appellee.