### 75489. MUHANNA v. O'KELLEY et al.
(363 SE2d 626)

BANKE, Presiding Judge.

The defendant physician in this medical malpractice action moved for summary judgment. After oral argument on the motion but before the trial court had made any indication as to how it intended to rule, the plaintiffs determined that their response was insufficient and filed a voluntary dismissal of their complaint. The defendant appeals from the denial of his subsequent motion to strike the dismissal, contending that the plaintiffs had already "rested" their case within the contemplation of OCGA § 9-11-41 (a) when the dismissal was filed. *Held*:

Section 41 (a) of the Civil Practice Act specifies in pertinent part, that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal *at any time before the plaintiff rests his case*. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal. . . ." OCGA § 9-11-41 (a) (Ga. L. 1986, p. 816, § 1). (Emphasis supplied.) Originally, the Code section had permitted the voluntary

dismissal of an action without a court order "at any time before verdict" (Ga. L. 1966, p. 609, § 41). In 1985, the latter wording was changed to read, "at any time before the submission of the case to the jury" (Ga. L. 1985, p. 546, § 1). The present language was substituted for that version the following year.

Regardless of the wording of the statute, the right of voluntary dismissal has always been subject to a judicially created limitation prohibiting its exercise, even prior to trial, where there has already been an announcement by the court of its intention to rule in favor of the defendant. See *Guillebeau v. Yeargin*, 254 Ga. 490 (330 SE2d 585) (1985). "The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he cannot, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is the knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal." *Peoples Bank of Talbotton v. Exchange Bank*, 119 Ga. 366, 368 (46 SE 416) (1903).

If in the present case the trial court had announced an intention to grant the defendant's motion for summary judgment prior to the plaintiffs' filing of their voluntary dismissal, then the defendant's position would be well taken. Accord *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983); *Guillebeau v. Yeargin*, supra. However, because no such announcement had been made, and because the terminology, "before the plaintiff rests his case" obviously has reference, as did the prior versions of the Code section, to the actual trial of a case rather than to proceedings on pre-trial motions, we hold that the trial court did not err in denying the defendant's motion to strike the voluntary dismissal.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 4, 1987.

*Weymon H. Forrester*, for appellant.
*Charles B. Tanksley*, for appellees.