### 75868. BAILEY v. AUSTIN et al.
(366 SE2d 214)

BANKE, Presiding Judge.

On June 30, 1986, the superior court ordered the plaintiff-appellant in the present action to provide responses to certain interrogatories within ten days or suffer the consequence of having her case dismissed with prejudice. The plaintiff did not comply with this order, and on June 15, 1986, the trial court consequently entered an order dismissing her complaint. On that same day, however, the plaintiff filed a voluntary dismissal, which purported to be without prejudice. She later refiled the action, and the defendants responded by raising the defense of res judicata. The trial court granted summary judg-

ment to the defendants on the basis of this defense, prompting the plaintiff to file this appeal. *Held*:

In the recent case of *Muhanna v. O'Kelly*, 185 Ga. App. 220 (363 SE2d 626) (1987) we held that "[r]egardless of the wording of [OCGA § 9-11-41 (a)], the right of a voluntary dismissal has always been subject to a judicially created limitation prohibiting its exercise, even prior to trial, where there has already been an announcement by the court of its intention to rule in favor of the defendant."

The defendants assert that a voluntary dismissal was not authorized in the present case because it was clear from the language of the June 30, 1986, order, which specified that the case would be dismissed with prejudice in the event the plaintiff failed to answer the interrogatories "within ten (10) days from the receipt of this order," that the court already intended to dismiss the action with prejudice at the time that the plaintiff filed the dismissal. However, the trial court could not legitimately have dismissed the prior action without first affording the plaintiff "an opportunity to explain the circumstances surrounding the failure to comply with his order." *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747, 750 (331 SE2d 95) (1985). Consequently, the trial court's statement of its intention to dismiss the action in the event of her failure to comply with the discovery order cannot be considered an "announcement" by the court of its intention to rule, within the contemplation of *Muhanna v. O'Kelly*, supra. We accordingly hold that the trial court erred in granting the defendants motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 15, 1988.

*Teddy R. Price*, for appellant.
*G. Phillip Bramlett, Samuel N. Werbin*, for appellees.