A89A0683. TIPPINS et al. v. WINN-DIXIE ATLANTA, INC.
(384 SE2d 199)

BENHAM, Judge.

Appellants, Brenda J. Tippins, and her husband, Edward J. Tippins, filed a tort action against appellee, Winn-Dixie Atlanta, Inc., for injuries resulting from a fall by Brenda Tippins while a customer at appellee's business. Pursuant to Fulton County Superior Court Local Rule No. 1000, the parties were required to submit to arbitration, which resulted in a ruling adverse to appellants. Appellants, who had originally demanded a jury trial, were required under the Fulton County Superior Court Local Rules to appeal the adverse ruling of the arbitration board if they desired to pursue a jury trial; otherwise, the arbitration, upon motion, would become the order of the court. The appeal for a jury trial arrived in the clerk's office one day late. Despite appellants' motion to extend the time allotted to appeal, the trial court entered judgment for appellee, and this appeal followed.

1. Appellants contend the trial court abused its discretion in not extending the time for filing the appeal from the arbitration award. Appellants moved the trial court to extend the time within which to file their demand for jury trial, stating that the demand was one day late because of inclement weather in Atlanta. The record shows that the Fulton County courthouse was open on the last day for filing, January 11, 1988, the very day on which appellants' demand for a jury trial was postmarked.

"The burden is upon the party taking an appeal to file within the required 30-day period. The burden is not satisfied by relying on the postal delivery but may be satisfied only by depositing the notice of appeal with the clerk within the appropriate time frame. [Cit.]" *Moncrief v. Tara Apts.*, 162 Ga. App. 695 (293 SE2d 352) (1982). Therefore, we find no abuse of discretion by the trial court in not extending the time to file the jury demand.

2. Appellants contend that Fulton County Superior Court Local Rule No. 1000, which provides for the manner of appealing an arbitration award, denies them their constitutional right to a jury trial. Local Rule No. 1000 provides as follows: "Failure or refusal to file within thirty (30) days a demand for trial by all parties shall constitute a waiver of trial by jury or non-jury and be deemed a consent to the arbitration award; after the expiration of such thirty (30) days without the filing of a demand, any party may move for the entry of a consent judgment and dismissal with prejudice based upon the arbitration award."

Appellants premise their claim of unconstitutionality on Art. I, Sec. I, Par. XI, of the 1983 Georgia Constitution and OCGA § 9-11-38. Both of these provisions guarantee the right to a jury trial. In support of their claim of unconstitutionality, appellants cite *Raintree Farms v. Stripping Center*, 166 Ga. App. 848 (305 SE2d 660) (1983). While the right to a jury trial is guaranteed, this right is subject to certain limitations. "The right of trial by jury 'may be made dependent upon a timely demand or other conditions, which, though onerous, do not "totally prostrate the right or render it wholly unavailable." ' [Cit.]" *Fleming v. State*, 139 Ga. App. 849 (229 SE2d 800) (1976). Appellants in the case sub judice were given a reasonable opportunity to demand a jury trial by simply filing a demand within the 30-day period following the arbitration decision. Failing to do so, they waived their right to a jury trial. Hence, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1989 —
Rehearing denied July 7, 1989 —

*Jerry B. Hatcher*, for appellants.
*Drew, Eckl & Farnham, W. Wray Eckl, Elizabeth H. Geoghegan*, for appellee.