## A90A0954. TURNER v. MARTA.
(398 SE2d 794)

BEASLEY, Judge.

The trial court entered judgment for MARTA on a civil arbitration award in a suit for personal injuries Turner sustained while exiting a MARTA bus. Turner contends that the court abused its discretion in granting MARTA's motion for judgment for failure to timely file, with the court administrator, a demand for trial within 30 days of the filing of the arbitration award, as prescribed by local Rule 1000 governing arbitration.

A chronology of events is necessary because timeliness is the crux of the appeal. Pursuant to the local rule, Turner's case was ordered for resolution by arbitration. The arbitrators held a hearing and issued an award in favor of MARTA on February 17, 1989. That day the award was filed with the court administrator, as provided for in section 14 of the rule. On March 16 Turner filed, with the clerk of court, a demand for jury trial and/or trial de novo. She filed the demand with the court administrator on March 21. The award was also filed with the court clerk on March 21. Turner's demand was refiled with the court clerk on March 22. On March 28, MARTA moved for a consent judgment.

Under sections 16 and 17 of Rule 1000, any party may "file a demand for trial within thirty (30) days of the filing of the arbitration award with the Court Administrator or his designee who shall make a notation and entry of the date of filing the award and of the trial demand; . . . filing such demand for trial will entitle all parties to a *de novo* trial. . . .

"Failure or refusal to file within thirty (30) days a demand for trial by all parties shall constitute a waiver of trial by jury or non-jury and be deemed a consent to the arbitration award; after the expiration of such thirty (30) days without filing of a demand, any party may move for the entry of a consent judgment and dismissal of prejudice based upon the arbitration award."

Appellant concedes that the demand for trial was one day short of reaching the court administrator within 30 days of the filing of the award with the court administrator. She contends that she was in substantial compliance because the demand was timely filed with the court clerk even though it did not reach the court administrator in time. *Tippins v. Winn-Dixie Atlanta*, 192 Ga. App. 172 (384 SE2d 199) (1989), is cited for the proposition that filing with the clerk was sufficient.

Rule 1000 expressly provides that the demand for trial be filed with the *court administrator or his designee,* within 30 days of the filing of the award with the court administrator. Since this was not done, MARTA was entitled to judgment.

*Tippins* does not support appellant's premise that "substantial compliance" is sufficient. In *Tippins*, as here, the demand for jury trial and from the arbitration was received one day after expiration of the 30-day period. This Court found no abuse of the trial court's discretion in refusing to extend the time to file the jury demand and no reversible error in the entry of judgment on the arbitration award because of the lack of a timely filed demand. Appellant depends on language in *Tippins* quoted from *Moncrief v. Tara Apts.*, 162 Ga. App. 695 (293 SE2d 352) (1982), which was an untimely appeal from the grant of summary judgment in a case not arbitrated. It refers to an appellant's burden of "depositing the notice of appeal with the clerk within the appropriate time frame." While this principle is applicable to *Tippins* and the present case regarding the burden on the appealing party to be timely, the quoted language may not be lifted out of context to support the contention that filing with the clerk of court was sufficient to comply with Rule 1000. The issue in *Tippins* was not whether the demand was filed in the right office.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 31, 1990.

*Price & Conoscienti, Teddy Ray Price,* for appellant.
*Melinda K. Wells,* for appellee.