A90A2354. C & S INDUSTRIAL SUPPLY COMPANY, INC. v.
PROCTOR & GAMBLE PAPER PRODUCTS COMPANY.
(404 SE2d 346)

CARLEY, Judge.

After bringing suit against appellee-defendant, appellant-plaintiff failed to comply with certain requests for production of documents. Pursuant to appellee's motion, the trial court entered an order compelling appellant's production of the requested documents. When appellant failed to comply with this order, appellee filed a motion for sanctions. Only minutes before the hearing that had been scheduled on appellee's motion, appellant filed a notice of voluntary dismissal pursuant to OCGA § 9-11-41 (a) and served appellee with a copy thereof. However, the trial court subsequently struck appellant's notice of voluntary dismissal and dismissed appellant's complaint and assessed attorney's fees as sanctions under OCGA § 9-11-37 (b) (2) (C). It is from this order of the trial court that appellant brings this appeal.

Pursuant to OCGA § 9-11-41 (a) a plaintiff may voluntarily dismiss his action, without order or permission of the trial court, at any time before he rests his case. However, " ' "the announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge.["] [Cit.]' [Cit.] ' "It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal." ' [Cit.]" *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469) (1987). Although the termination of appellant's action by dismissal of its complaint was obviously a possible result of the impending hearing on appellee's motion for sanctions, there is no evidence that appellant had prior knowledge that such a sanction would actually be imposed.

There is no "bad faith" exception to a plaintiff's right to voluntarily dismiss his action pursuant to OCGA § 9-11-41 (a). "[T]he legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, *faced with a contrary verdict or other untenable position*, a second chance to litigate his suit *despite* the inconvenience and irritation to the defendant." (Emphasis supplied in part.) *Griggs v. Columbus Bank &c. Co.*, 188 Ga. App. 741, 743 (374 SE2d

347) (1988). See also *Pounds v. Hosp. Auth. of Gwinnett County*, 197 Ga. App. 598, 600 (2) (399 SE2d 92) (1990).

After appellant voluntarily dismissed its complaint, there was nothing pending in the trial court but appellee's motion for sanctions pursuant to OCGA § 9-11-37 (b). Compare *American Express Co. v. Baker*, 192 Ga. App. 21 (1) (383 SE2d 576) (1989). If appellee wished to secure attorney's fees based upon appellant's asserted abuse of discovery procedures, it could have moved pursuant to OCGA § 9-15-14. However, appellant's notice of voluntary dismissal was valid and the trial court's subsequent order striking that notice and imposing any sanctions pursuant to OCGA § 9-11-37 (b) was a nullity and must be reversed. *Johnson v. Wade*, supra.

*Judgment reversed. McMurray, P. J., Banke, P. J., Birdsong, P. J., Pope, Beasley and Cooper, JJ., concur. Sognier, C. J., and Andrews, J., concur in part and dissent in part.*

SOGNIER, Chief Judge, concurring in part and dissenting in part.

I agree with the majority that, given the broad language of OCGA § 9-11-41 (a), appellant's voluntary dismissal was authorized. I conclude, however, that the trial court was empowered to impose sanctions under OCGA § 9-11-37 (b) (2) (other than dismissal) for appellant's *prior* failure to comply with an order granting a motion to compel.

OCGA § 9-11-37 (b) (2) provides in pertinent part that "[i]n lieu of any [orders awarding other sanctions], or in addition thereto, the court *shall* require the party failing to obey the order [compelling discovery] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." (Emphasis supplied.) In *American Express Co. v. Baker*, 192 Ga. App. 21-23 (1) (383 SE2d 576) (1989), this court addressed the question whether a motion for OCGA § 9-11-37 (b) (2) sanctions survived a voluntary dismissal in an action in which the defendant had filed a counterclaim for abusive litigation. Applying the Supreme Court's decision in *Moore v. Memorial Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988), we concluded that because the abusive litigation counterclaim remained pending after the voluntary dismissal, the trial court retained jurisdiction to enter discovery sanctions.

The analysis in *Moore* is equally applicable to the circumstances in the instant case. The Supreme Court reasoned in *Moore* that allowing both a voluntary dismissal and the continuation of an abusive litigation counterclaim "preserves the right of a plaintiff to dismiss and the right of a defendant to recover for abuse of litigation." (Footnote omitted.) Id. at 696-697. *Moore* recognized that even though the action was dismissed, the defendant nonetheless was entitled to recover for abuses that occurred prior to dismissal. Id. at 697. Since the expenses and attorney fees sanctions of OCGA § 9-11-37 (b) (2) are

mandatory (absent certain limited exceptions) and are intended to compensate the moving party for expenses previously incurred in obtaining compliance with a court order compelling discovery, allowing a plaintiff to avoid such sanctions by voluntarily dismissing the complaint would thwart the purpose of OCGA § 9-11-37 (b) (2). Accord *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987) (once a motion for sanctions has been *filed* their imposition cannot be precluded by a belated response to the discovery request). Nothing in OCGA § 9-11-41 (a) compels such a result. See generally *Moore*, supra at 696. Thus, I conclude the right of a defendant to recover expenses and attorney fees for a plaintiff's violation of a discovery order entered prior to a voluntary dismissal survives the dismissal, and accordingly, I would affirm the award of attorney fees in this case.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED MARCH 15, 1991.

*C. B. King & Associates, Chevene B. King, Jr.*, for appellant.
*Watson, Spence, Lowe & Chambless, John M. Stephenson*, for appellee.