A93A1385, A93A1386. LAKES et al. v. MARRIOTT CORPORATION et al. (two cases).

(436 SE2d 36)

McMURRAY, Presiding Judge.

Plaintiffs Delores Toni Lakes and Willie K. Lakes brought a slip and fall and loss of consortium case in the Superior Court of Fulton County against Marriott Corporation and two John Does. Pursuant to local rule, the case was sent to arbitration. Following the issuance of an arbitration award in favor of defendants, plaintiffs filed a demand for jury trial with the clerk of court. No such demand was filed with the court administrator as required by the local rule. Thereafter, defendant Marriott moved for the entry of a consent judgment in its favor in accordance with the local rule. Before a judgment was entered, plaintiffs filed a notice of voluntary dismissal without prejudice. Then, plaintiffs filed a renewal action, making virtually the same allegations they made in the original suit. Defendants moved for judgment in each action. Following a hearing, the trial court determined that plaintiffs' attempted dismissal of the original action was ineffective. Accordingly, the trial court entered judgment for defendants in each case. Plaintiffs appeal. *Held*:

1. Under the local rule, i.e., sections 16 and 17 of Rule 1000, any party may " 'file a demand for trial within thirty (30) days of the filing of the arbitration award with the Court Administrator or his designee who shall make a notation and entry of the date of filing the award and of the trial demand; . . . filing such demand for trial will entitle all parties to a *de novo* trial. . . .

" 'Failure or refusal to file within thirty (30) days a demand for trial by all parties shall constitute a waiver of trial by jury or non-jury and be deemed a consent to the arbitration award; after the expiration of such thirty (30) days without filing of a demand, any party may move for the entry of a consent judgment .and dismissal of prejudice based upon the arbitration award. . . .' "

"Rule 1000 expressly provides that the demand for trial be filed with the *court administrator or his designee*, within 30 days of the filing of the award with the court administrator. Since this was not

done, [defendants were] entitled to judgment [in the original action]."
*Turner v. MARTA*, 197 Ga. App. 447 (398 SE2d 794).

2. "The right to dismiss given to the plaintiff by [OCGA § 9-11-41 (a)] cannot be exercised after entry in the trial court of a verdict or judgment for the defendant because the right given to the plaintiff by that section cannot be used to deprive the defendant of victory thus gained. *Cooper v. Rosser*, 233 Ga. 388 (1) (211 SE2d 303) (1974). This principle also has been applied to attempts to dismiss made by plaintiffs between the time when the court announces judgment and the time judgment actually is entered. *Jones v. Burton*, 238 Ga. 394, 395 (1) (233 SE2d 367) (1977)." *Kilby v. Keener*, 249 Ga. 667, 668 (293 SE2d 318). As it is said: " ' "[T]he announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge. *Jones v. Burton*, 238 Ga. 394, 396 (233 SE2d 367) (1977).' (Punctuation omitted.) *Pizza Ring Enterprises v. Mills Mgt. Sources*, 154 Ga. App. 45 (2) (267 SE2d 487) (1980). ' "It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal." ' *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983)." *Johnson v. Wade*, 184 Ga. App. 675, 676 (362 SE2d 469).

Plaintiffs assert they were entitled to dismiss the original action because the trial court did not announce the judgment that it intended to enter before the dismissal was filed. We disagree. Under the local rule, defendants were entitled to the entry of a consent judgment based on the arbitrators' award because plaintiffs did not file a timely demand for trial with the court administrator. *Turner v. MARTA*, 197 Ga. App. 447, supra. Thus, the handwriting was on the wall and plaintiffs knew the actual result of their case. Compare *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197 (404 SE2d 346). It follows that the dismissal notice was not effective and that the trial court did not err in entering judgment in favor of defendants in the original action. *Kilby v. Keener*, 249 Ga. 667, 668, supra.

3. Because the trial court entered judgment in favor of defendants in the original action, it cannot be said that the trial court erred in entering judgment in favor of defendants in the renewal action. See *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611, 613 (2) (305 SE2d 130) (doctrine of res judicata applies even where earlier judgment was entered summarily or by default).

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 9, 1993 —
RECONSIDERATION DENIED SEPTEMBER 22, 1993 ▮▮▮▮▮

*Simmons & Toliver, Joseph H. King, Jr.*, for appellants.
*Gorby & Reeves, Michael J. Gorby, Martha D. Turner, Amanda H. Burri*, for appellees.