S94G0066. LAKES et al. v. MARRIOTT CORPORATION et al.
(448 SE2d 203)

BENHAM, Presiding Justice.

Appellants filed a tort action against appellees. In accordance with a local rule,[1] the case was scheduled for pre-trial non-binding arbitration. When appellants did not appear for arbitration, an award

[1] Fulton Superior Court Rule 1000, which entitles each party to a de novo trial upon the filing of a demand for trial with the Court Administrator within 30 days after entry of the arbitration award, but provides that the failure to file the demand for trial constitutes consent to the award and authorizes entry of judgment on the award upon the motion of any party.

was entered in appellees' favor. Then, when a demand for jury trial had not been filed with the Court Administrator within 30 days after the arbitration award as required by the rule (appellants filed their demand with the clerk of court), appellees moved for entry of judgment pursuant to *Turner v. MARTA*, 197 Ga. App. 447 (398 SE2d 794) (1990).[2] Prior to a scheduled hearing on that motion,[3] appellants filed a voluntary dismissal pursuant to OCGA § 9-11-41 (a). Just over a month later, appellants filed the same tort action again as a renewal action under OCGA § 9-2-60. On appellees' motion, the trial court entered judgment for appellees in the first case, holding that appellants were not entitled to dismiss voluntarily. In the second case, the trial court held that appellants were barred from recovery by res judicata. The Court of Appeals affirmed, holding that appellants were not authorized to dismiss the first action because appellees were already entitled to judgment due to appellants' failure to file the demand for trial properly: "Thus, the handwriting was on the wall and [appellants] knew the actual result of their case." *Lakes v. Marriott Corp.*, 210 Ga. App. 335 (436 SE2d 36) (1993). This court granted appellants' application for certiorari, posing the question whether appellants were entitled to refile their action after a voluntary dismissal under the facts of this case.

The intent of the legislature in enacting OCGA § 9-11-41 (a) was to give a plaintiff an opportunity to escape from an "untenable position" and relitigate the case, and thus there is no "bad-faith exception" to the right to dismiss and later relitigate, despite inconvenience and irritation to the defendant. *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197 (404 SE2d 346) (1991). However, the right to dismiss voluntarily is not without limit: in addition to the express limits in OCGA § 9-11-41 (a) regarding the timing of dismissal and regarding cases in which a counterclaim has been asserted,[4]

---

[2] The Court of Appeals held in that case that failure of a party to demand trial after arbitration entitles the opposing party to a judgment based on the arbitration award.

[3] Appellants were resisting appellees' motion on the basis of an allegation that their counsel was misled by the superior court clerk's staff to believe that filing a demand for trial with the clerk was sufficient.

[4] OCGA § 9-11-41 (a):

Voluntary dismissal; effect. Subject to the provisions of subsection (c) of Code Section 9-11-23, of Code Section 9-11-66, and of any statute, an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. A dismissal under this subsection is without prejudice,

the right of voluntary dismissal has always been subject to a judicially created limitation prohibiting its exercise, even prior to trial, where there has already been an announcement by the court of its intention to rule in favor of the defendant.

*Muhanna v. O'Kelley*, 185 Ga. App. 220 (363 SE2d 626) (1987). The reason for that limitation was explained in *Peoples Bank of Talbotton v. Exchange Bank*, 119 Ga. 366, 368 (46 SE 416) (1903):

> The principle . . . is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is the knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal.

In reaching its decision in the present case, the Court of Appeals equated a party's entitlement to judgment under *Turner*, supra, with knowledge of the actual result of the case. That equation is faulty because a defendant's entitlement to judgment under *Turner*, like a defendant's entitlement to summary judgment (see *Muhanna*, supra), does not amount to knowledge of the actual, as opposed to possible, result of the case: until the entry of that judgment or an announcement by the trial court of an intent to rule for the defendant, the defendant has only an expectation of being awarded a judgment. That is to say, without an announcement from the trial court of the actual outcome of the case, the "handwriting on the wall" is merely in pencil, subject to being erased. In concluding that such "handwriting on the wall" as appeared in this case was indelible, the Court of Appeals did not take into account the lessons of its earlier and correct decisions in *Bailey v. Austin*, 185 Ga. App. 831 (366 SE2d 214) (1988), and *Muhanna v. O'Kelley*, supra.

In *Bailey*, the plaintiff was given a set time to respond to discovery or have her case dismissed with prejudice. She did not respond in a timely fashion, but did dismiss her case on the same day that the trial court entered an order of dismissal. The Court of Appeals held that since the trial court would have had to hold a hearing before dismissal in order to evaluate the reasons for the plaintiff's failure to

---

except that the filing of a third notice of dismissal operates as an adjudication upon the merits.

Although the 1985 amendment to the statute cuts off the right to dismiss at the point the plaintiff rests its case rather than at verdict, the requirement of actual knowledge of an adverse result has continued to be the standard with regard to dismissal prior to trial. *Muhanna v. O'Kelley*, 185 Ga. App. 220 (363 SE2d 626) (1987).

comply with the previous order, the threatened sanction of dismissal was not an announcement of a result within the meaning of *Muhanna*, supra, and the voluntary dismissal was effective. The situation in *Bailey* is distinguishable from that in *Kilby v. Keener*, 249 Ga. 667 (293 SE2d 318) (1982) (cited by the Court of Appeals in its opinion in the present case), in that the plaintiff in *Bailey* was threatened with the entry of judgment in the event she did not comply with an order of the court, whereas the plaintiff in *Kilby* had already suffered a dismissal, but was given the right to have that dismissal vacated by amending the complaint. See *Peacock Constr. Co. v. Chambers*, 223 Ga. 515 (156 SE2d 348) (1967).

In *Muhanna*, the Court of Appeals dealt with the interplay of OCGA §§ 9-11-41 (a) and 9-11-56 (c), which provides in pertinent part that

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

At the conclusion of a summary judgment hearing, but before the trial court had announced a decision, the plaintiffs in *Muhanna* decided their response was inadequate and dismissed their complaint. Although it was apparent to the plaintiffs that the record as it stood entitled the defendant to summary judgment, the Court of Appeals held that the dismissal was valid because no announcement of judgment had been made, a result which would not be permissible under the "handwriting on the wall" approach taken by the Court of Appeals in the present case.

In the present case, appellants were in an apparently untenable position when they filed their voluntary dismissal in that the record, as it stood then, entitled appellees to judgment pursuant to *Turner*, supra. As in *Bailey* and in *Muhanna*, however, there had been no announcement of an adverse ruling. We hold that appellants cannot be charged, under those circumstances, with knowledge of the actual outcome of the case and that the voluntary dismissal was, therefore, effective. Since the dismissal deprived the trial court of jurisdiction over the case and left the parties in the same position as if the suit had never been filed, the trial court had no authority to enter judgment for appellees in the original suit (*Smith v. Memorial Med. Ctr.*, 208 Ga. App. 26 (430 SE2d 57) (1993)) or in the refiled suit. *Bailey*, supra. It follows that the affirmance of those judgments by the Court of Appeals was likewise error.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Joseph H. King, Jr.*, for appellants.
*Gorby & Reeves, Michael J. Gorby, Amanda H. Burri, Martha D. Turner*, for appellees.