**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A2337. BAKER v. ATLANTIC STATES INSURANCE COMPANY.

RICKMAN, Judge.

Janet Baker contends the trial court lacked jurisdiction to sanction her for failure to comply with a discovery order. She argues that the court lost jurisdiction when she voluntarily dismissed her case before the trial court's decision on the motion for sanctions. We disagree and affirm because the transcript shows that the trial court announced its decision to grant reasonable attorney fees and costs at the hearing — before Baker's voluntary dismissal — and it therefore retained jurisdiction to enter a written sanction award thereafter.

The record shows that Baker sued Patsy Clark for alleged injuries she received in an automobile collision with Clark. In July 2018, during discovery, Clark's

uninsured motorist carrier, Atlantic States Insurance Company, learned that Baker's surgeon was recommending an operation and that surgery had been scheduled for November 6, 2018. The following day, Atlantic informed Baker that it was planning on hiring an expert to rebut the surgeon's recommendation. Atlantic later made clear that it wanted to have an independent medical examination ("IME") performed on Baker in September or October and would request a second IME after the surgery as well. Over the next two and a half months, Atlantic scheduled the IME with Baker three times, but Baker cancelled each time, typically shortly before the arranged date.

Consequently, Atlantic moved to compel Baker to submit to an IME. A hearing was held on the motion on November 7, and it was noted that the surgery had been scheduled for the previous day. The trial court granted the motion the next day, ordering the parties to schedule an independent medical examination within 40 days of the order, i.e., by December 18. The parties agreed on a December 18 examination date, but, without informing the court or Atlantic, Baker proceeded with surgery on November 13 and therefore did not appear for the IME. In fact, Baker's counsel did not reveal the surgery until November 30, when it cancelled the jointly scheduled December 18 examination.

Atlantic moved for "spoliation, discovery misconduct and for associated sanctions, including dismissal of plaintiff's complaint, exclusion of evidence, and the award of attorney's fees and costs" under OCGA § 9-11-37 (b) (2). The trial court held a hearing on the matter on February 19, 2019, and orally declined to dismiss the action. But it announced that it was granting Atlantic attorney fees and costs for Baker's contempt of its prior order and ordered Atlantic to submit an affidavit of its attorney fees and costs to give Baker an opportunity to respond to the amount. The court also instructed the parties to return on March 25 to set yet another date for an IME.

Three days after the hearing and before the court issued a written order, Baker dismissed her complaint against Clark without prejudice. Atlantic, however, submitted the requested attorney fee affidavit to the court, served Baker with a copy, and submitted two amendments thereafter. On April 5, 2019 (nunc pro tunc to date of the hearing) the trial court, citing OCGA § 9-11-37 (b) (2), entered an order granting Clark's motion for sanctions and ordered that Baker and her counsel pay $5,798.79 and $5,798.80, respectively, to Atlantic. The court found that Baker was stubbornly litigious in failing to attend the scheduled IMEs, in failing to disclose major surgical procedures to the opposing party, and in failing to comply with its

3

order compelling her cooperation in scheduling and attendance at an IME. We granted Baker's application to appeal.

Baker's sole argument[1] is that the trial court lacked subject-matter jurisdiction to enter its order because she voluntarily dismissed her complaint before the court ruled on the motion; this argument presents a question of law that we review de novo for plain legal error. See *Barnes v. Cannon*, 347 Ga. App. 517, 518 (1) (820 SE2d 155) (2018); *Harris v. Werner*, 278 Ga. App. 166, 167 (628 SE2d 230) (2006).

Absent a pending counterclaim, a party may dismiss an action without prejudice by filing a written notice of dismissal at any time before the first witness is sworn. See OCGA § 9-11-41 (a) (1) (A) (2), (3). A dismissal "generally deprives the trial court of jurisdiction to take further action in a case," and "any subsequent order is null and void because the trial court has lost jurisdiction over the case, which is no longer pending before it." *Montgomery v. Morris*, 322 Ga. App. 558, 560 (1) (745 SE2d 778) (2013). Similarly, "[a]fter [such a] dismissal, a court has no power to order reinstatement of the action." (Citations omitted.) *Lotman v. Adamson Contracting*,

---

[1] Baker does not challenge the amount of the award. See generally *Colvin v. Chrisley*, 315 Ga. App. 486, 487 (2) (727 SE2d 232) (2012) (award of fees under OCGA § 9-11-37 upheld where it was within the range of the evidence). Nor does she contend that she did not have an opportunity to respond to Atlantic's attorney fee affidavit.

219 Ga. App. 898, 898 (467 SE2d 224) (1996). See, e.g., *C & S Indus. Supply Co. v Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197, 198 (404 SE2d 346) (1991) (sanctions pursuant to OCGA § 9-11-37 a nullity when issued after voluntary dismissal filed only minutes before a scheduled hearing on the motion for sanctions). Compare *Harris*, 278 Ga. App. at 167 (rule does not apply to OCGA § 9-15-14 motions).

An important exception to this rule provides that "the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not." (Citation and punctuation omitted.) *Guillebeau v. Yeargin*, 254 Ga. 490, 491 (1) (330 SE2d 585) (1985); see also *Lakes v. Marriott Corp.*, 264 Ga. 475, 476-477 (448 SE2d 203) (1994); *Lotman*, 219 Ga. App. at 899. "[T]he oral announcement of a dispositive ruling in open court, for example, ends the time for filing a unilateral voluntary dismissal." *Dillard Land Investments, LLC v. Fulton County*, 295 Ga. 515, 520 (2) (b) (761 SE2d 282) (2014). The reason for this limitation is to prevent gamesmanship:

> after a party has taken the chances of litigation and knows what is the
> actual result reached in the suit by the tribunal which is to pass upon it,

5

> he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is the knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal.

(Citation and punctuation omitted.) *Lakes*, supra, 264 Ga. at 477. The same reasoning applies to a ruling on less than all claims in a case, see *Groves v. Groves*, 250 Ga. 459, 460 (1) (298 SE2d 506) (1983), a ruling for summary judgment, see *Guillebeau*, 254 Ga. at 491-492 (1), and rulings for partial summary judgment. See *Moore v. Moore*, 253 Ga. 211, 212 (317 SE2d 529) (1984).

Although the exception to the rule of voluntary dismissal has not previously been applied to a ruling on a motion for sanctions under OCGA § 9-11-37 (b) (2), we find the exception applicable for these reasons. First, the trial court's announcement that it would be awarding sanctions was tantamount to a grant of partial summary judgment, and, like a summary judgment ruling, a ruling on a motion for sanctions is a judgment of the court. See *Hunt v. Callahan*, _ Ga. App. _ (2) (Case No. A19A2153, decided Jan. 23, 2020) ("an award of OCGA § 9-11-37 attorney fees as a discovery sanction is a 'judgment' for purposes of OCGA § 5-6-35 (a) (6)" — requiring an application to appeal); *Vaughn v. Cable East Point*, 185 Ga. App. 203, 203 (363 SE2d 639) (1987) (same). In addition, the policy behind the exception is

applicable in this setting. It would be unfair to allow a party to a suit to commit discovery abuse, learn that they are going to be sanctioned, and avoid the sanctions by entering a voluntary dismissal before the court enters the sanction award. Compare *C & S Indus.*, 199 Ga. App. at 197 ("no evidence that appellant had prior knowledge that . . . a sanction [under OCGA § 9-11-37] would actually be imposed").

Baker does not contest this law but instead argues that the trial court "merely threatened" to rule in Atlantic States' favor and that no actual outcome was announced. See *Groves*, 250 Ga. at 459 ("It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal.") (citation and punctuation omitted). We disagree. The trial court clearly stated that it was granting attorney fees and costs to Atlantic; it then instructed Atlantic to submit proof of its relevant fees. Specifically, after much colloquy about the various issues raised in Atlantic's motion for spoliation and discovery sanctions, the court in conclusion stated, "Well, one reason I'm going to grant reasonable attorney's fees and costs, I do believe that it was a contempt of the Court's order." And after pointing out some of Baker's discovery failings and explaining what Baker should have done, the court admonished, "now you know because you're going to get assessed with costs." See *Guillebeau*, 254 Ga. at 491-492 (applying rule where the court indicated motion

7

for summary judgment "likely would be granted"). Compare *Mariner Health Care v. PricewaterhouseCoopers*, 282 Ga. App. 217, 221 (2) (638 SE2d 340) (2006) (no evidence that party had prior knowledge that the sanction of dismissal with prejudice, pursuant to OCGA § 9-11-37 (b), would actually be imposed when it filed its notice of voluntary dismissal). Accordingly, the voluntary dismissal was without effect to prohibit the court's ruling on sanctions. See *Dillard Land Investments*, 295 Ga. at 519-522 (2) (b) (2014).

We therefore affirm the award by the trial court. See *Kilby v. Keener*, 249 Ga. 667, 668 (293 SE2d 318) (1982); see also OCGA § 9-11-37 (b) (2) (trial court authorized to award as sanctions attorney fees and expenses for a party's failure to obey an order of the court); *Roderiquez v. Saylor*, 190 Ga. App. 742, 743-744 (1) (380 SE2d 339) (1989) (court did not abuse its discretion in striking defensive pleadings and entering default judgment against party who failed to comply with order to submit to blood test).

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*