## 33506. CARTER v. CARTER.

NICHOLS, Chief Justice.

The wife appeals from an order finding her in contempt for failure to give temporary custody of her children to a third person as required by an order entered in the divorce action. She contends that she should not have been held in contempt because the temporary custody order is invalid since she previously had dismissed her divorce complaint pursuant to Code Ann. § 81A-141 (a) by filing a written notice of dismissal after the court had announced its ruling on the temporary custody issue but before the court's temporary custody order or the husband's counterclaim for divorce had been filed.

The wife also enumerates as error the award to the husband of his attorney fees relating to the application for contempt.

1. The filing by the wife of the written notice of dismissal of her divorce complaint prior to the filing of the husband's counterclaim for divorce was effective to dismiss the wife's complaint regardless of when the notice of dismissal was served upon the husband or otherwise came to his attention. Code Ann. § 81A-141 (a); 5 Moore's Federal Practice (2d Ed.), ¶ 41.02[2].

When the voluntary dismissal of the wife's complaint became effective upon filing, the court's announced ruling regarding temporary custody of the children was nullified. *Foster v. Foster,* 230 Ga. 658, 660 (198 SE2d 881) (1973). Compare *Jones v. Burton,* 238 Ga. 394 (233 SE2d 367) (1977), disallowing voluntary dismissal by the filing of written notice pursuant to Code Ann. § 81A-141 (a)

after the trial court had announced a decision that would, upon entry, terminate a civil action. A ruling on temporary custody lacks the finality required for an application of the *Burton* principle. *Foster v. Foster,* supra.

The trial court erred in holding the wife in contempt for her failure to comply with the temporary custody order.

2. The award to the husband of his attorney fees relating to the application for contempt was not authorized by law, (Code Ann. § 30-219) and, hence, was erroneous. *Ragsdale v. Bryan,* 235 Ga. 58 (218 SE2d 809) (1975); *City of Atlanta v. International Assn. of Firefighters, Local 134,* 240 Ga. 24, 26 (239 SE2d 353) (1977).

*Judgment reversed. All the Justices concur, except Jordan and Hill, JJ., who concur in the judgment only.*

SUBMITTED APRIL 21, 1978 — DECIDED MAY 17, 1978.

*J. Laddie Boatright,* for appellant.
*Preston & Preston, Robert H. Preston,* for appellee.