63298, 63299. HARRIS v. SAMPSON et al. (two cases).

BIRDSONG, Judge.
Voluntary Dismissal. In April 1979, Douglas and Cheyenne Harris were operating their privately owned vehicle within the city of Atlanta. Roy Sampson was operating his tractor truck (without trailer) driving in the opposite direction toward the Harrises. Sampson made a left turn in front of the Harrises whereupon the Harrises collided with the right front of Sampson's tractor, sustaining certain injuries. Sampson was a contract driver for National Freight Inc., a common carrier engaged in interstate commerce. National Freight had as its insurer the appellee Bankers and Shippers Insurance Company of New York. Sampson was separated from his wife and apparently lived out of his truck when he was not on a run for National Freight.

On August 1, 1979, Harris filed a suit in the DeKalb County Superior Court against Sampson and National Freight (DeKalb

County being the business address of National Freight). This complaint was dismissed without prejudice by the Harrises on February 19, 1981.

On May 21, 1980, the Harrises filed a complaint in the State Court of Cobb County against Roy Sampson, National Freight, and Bankers and Shippers Insurance Company. This complaint was dismissed without prejudice also on February 19, 1981.

On February 19, 1981, a complaint was filed in the State Court of Cobb County against Sampson, National Freight, and Bankers and Shippers Insurance Company of New York. Apparently determining that Sampson was a resident of Polk County, this third complaint relative to the accident was dismissed by the Harrises on April 1, 1981. On the same day, April 1, 1981, a fourth complaint was filed in the Superior Court of Polk County against Roy Sampson, National Freight, and Bankers and Shippers Insurance Company of New York.

Each of the defendants (appellees) filed for summary judgment arguing that the third voluntary dismissal of the complaint by the Harrises amounted to an adjudication on the merits in their favor. The trial court granted summary judgment to each of the defendants below. The Harrises brought these appeals (separately as to Sampson and Bankers and Shippers Insurance Company) enumerating as error the grants of summary judgment. *Held:*

In substance, appellants argue that the provisions of Code Ann. § 81A-141 (a) are not applicable because, except as to National Freight, no one of the defendants was ever subjected to three valid complaints. As to Bankers and Shippers Ins. Co., it is clear that the insurer was not a party to the first complaint filed in DeKalb County. As to Sampson, it apparently is not disputed that no service was ever obtained on Sampson as to the Cobb County suit filed on February 19, 1981. Thus, appellants argue because they have not voluntarily dismissed three suits individually as to either Sampson or Bankers and Shippers Ins. Co., the trial court erred in granting summary judgment on behalf of the two appellees.

We conclude that such an argument is without merit. The Civil Practice Act unequivocally provides that the voluntary third dismissal of a complaint acts as an adjudication on the merits. Code Ann. § 81A-141 (a) provides: "A dismissal under this paragraph is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim."

Appellants do not contend that the four complaints filed by them do not relate to the same accident and the same cause of action

and thus, within the contemplation of Code Ann. § 81A-141 (a), constitute the same claim. Furthermore, it is not argued that each of the complaints, when filed, did not constitute a claim cognizable as to subject matter by the court in which filed. Code Ann. § 81A-103 provides: "A civil action is commenced by filing a complaint with the court." In essence, appellants argue that a claim is not a claim until a proper party is before the court by virtue of appropriate service. Because Sampson was not a party by appropriate service in the February 19, 1981 complaint and Bankers and Shippers Ins. Co. was not listed as a party in the August 1, 1979 complaint, the 1981 Polk County suit is only the third complaint as to each, following only two prior voluntary dismissals.

We do not read Code Ann. § 81A-141 (a) as do appellants as requiring legal service to follow filing in order for a claim to exist in a court. The unambiguous language of that statute provides that a third notice of dismissal from any court of an action based upon the same claim operates as an adjudication on the merits. We sympathize with the apparent efforts of appellants to reach the right forum with all three defendants, but the plain fact is that appellants have filed the same claim four times, the fourth claim following three voluntary dismissals. We perceive the purpose of Code Ann. § 81A-141 (a) to effect two remedial benefits. One is in favor of the plaintiff. The most common exercise of that purpose is to afford a plaintiff the opportunity to move to the proper forum and yet to avoid the consequences of the statute of limitations, as for instance where suit is filed in the wrong forum, the statute of limitations runs, and yet the plaintiff may dismiss his suit and refile his suit and be protected. To prevent the unscrupulous plaintiff from harassing a defendant by repeatedly filing the same complaint, the statute penalizes the plaintiff who voluntarily dismisses his complaint three times by providing that the third voluntary dismissal of his complaint constitutes an adjudication of the issues on the merits. Thus, it is the mere filing of the complaint followed by a voluntary dismissal that brings the statute into play, not that a defendant must be served and be forced to answer or suffer default. See *Carter v. Carter,* 241 Ga. 335 (1) (245 SE2d 292). The mere fact that a recovery may not have been authorized under the dismissed actions does not render the suit void where the trial court had jurisdiction of the cause of action. *Birmingham Fire Ins. Co. v. Commercial Transp.,* 224 Ga. 203, 204 (160 SE2d 898). It follows that where an action brought in the proper county is dismissed and the case rebrought in an improper county (i.e., a renewal of the original action), the case may not thereafter be again dismissed and brought the third time, dismissed and brought the fourth time. *Buice v. Satellite Security Corp.,* 156 Ga. App. 348,

349 (274 SE2d 608).

Moreover, as to the insurer (Bankers and Shippers Insurance Company), there is another valid reason to preclude the successful prosecution of the Harris' complaint. There is no dispute that as to National Freight the grant of summary judgment was proper, for appellants apparently agree that National Freight has experienced the dismissal of three suits based on the same incident and the cause is final as to it. Though the action as to National Freight was ex delicto and as to Bankers and Shippers Ins. Co. ex contractu, there always remained a condition precedent as to the insurer, i.e., that their insured (National Freight) was subject to a viable complaint. *Addington v. Ohio Southern Express,* 118 Ga. App. 770 (165 SE2d 658). There being no further cognizable action against the insured, as tortfeasor, there can be no vicarious cause of action against the insurer contractually. *Farley v. Continental Ins. Co.,* 150 Ga. App. 389, 391 (258 SE2d 8). Based upon the foregoing, we necessarily conclude the trial court did not err in granting summary judgment to the two defendants who are appellees before this court.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1982 —
REHEARING DENIED MAY 3, 1982 — ▮▮▮▮▮▮

*Robert W. Raleigh,* for appellant.
*Edward W. Killorin, Frank W. Virgin, Douglas Dennis, Donald F. Daugherty,* for appellees.