## 39077. GROVES v. GROVES.

WELTNER, Justice.

The wife filed a voluntary dismissal of her divorce and custody action on Friday, November 13, 1981, two days after the trial court had announced its ruling as to temporary custody of the children of the parties, but before an order was signed. The husband had appeared at the rule nisi hearing, and was awarded temporary custody of two children, but did not file an answer and counterclaim until Monday, November 16.

The husband moved to vacate the dismissal, contending *inter alia* that he had no notice of the dismissal until after he filed his response to the complaint.

On hearing, the trial court ruled that the provisions of its order awarding temporary child custody would remain in effect, notwithstanding the purported dismissal. The wife appeals.

We have previously held that ". . . once a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal." *Jones v. Burton,* 238 Ga. 394, 395 (233 SE2d 367) (1977).

Similarly, in criminal cases, we have held that ". . . a defendant does not have an absolute statutory right, under [OCGA § 17-7-93 (Code Ann. § 27-1404)], to withdraw a guilty plea, after the trial court's oral announcement of the [sentence]." *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980).

The Civil Practice Act permits voluntary dismissal ". . . by filing a written notice of dismissal at any time before verdict." OCGA § 9-11-41 (a) (Code Ann. § 81A-141).

"It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not. [Cits.] The principle at the foundation of these decisions is that after a party has taken the chances of litigation and knows what is the actual result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal. When a verdict in favor of the defendant has been reached but not returned into court, and the plaintiff in some way acquires actual knowledge of the finding, he can not exercise his right to voluntarily dismiss." *Peoples Bank of Talbotton v. Exchange Bank of Macon,* 119 Ga. 366, 368 (46 SE 416)

(1904).

In this case, the wife initiated the litigation, invoked the aid of the court in determining custody and temporary support, appeared at a hearing, and obtained partial relief in the form of the award of temporary custody of one of the three children, along with child support. Being dissatisfied with the grant of temporary custody of two other children to the husband, she filed notice of dismissal, and, according to the findings of the trial court, removed to another county.

1. We find that the announcement of the trial court of its decision relative to temporary custody of the children is a "verdict" within the contemplation of the Civil Practice Act, supra, as the award is a finding by the judge which is the equivalent of a verdict, and that the wife had acquired actual knowledge of the finding prior to the time she sought to dismiss her action. Accordingly, under the principles enunciated in *Peoples Bank of Talbotton,* supra, and other authorities above, the trial court did not err in retaining jurisdiction of the parties and control of the litigation. Because judicial economy dictates that all issues between the parties be resolved in one action, we hold that the wife's purported dismissal was ineffective *in toto.*

2. To the extent that *Miller v. Miller,* 247 Ga. 114 (276 SE2d 324) (1981), and *Carter v. Carter,* 241 Ga. 335 (1) (245 SE2d 292) (1978), are in conflict herewith, they are overruled.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., Smith and Gregory, JJ., who dissent.*

DECIDED JANUARY 6, 1983.

*Richard M. Skelly,* for appellant.
*Robert F. Webb,* for appellee.

GREGORY, Justice, dissenting.

I have reservations regarding the wisdom of permitting a plaintiff in a civil action to voluntarily dismiss his complaint at any time before verdict. However, that is precisely what the legislature has provided in OCGA § 9-11-41 (Code Ann. § 81A-141).

The legislature has provided exceptions to a plaintiff's right to dismiss any time before verdict. If a counterclaim has been pleaded by defendant prior to the service upon defendant of plaintiff's motion to dismiss there can be no dismissal against defendant's objection, unless the counterclaim can remain pending for independent adjudication. OCGA § 9-11-41 (Code Ann. § 81A-141). If a receiver has been appointed, dismissal must be by order of the court. OCGA § 9-11-66 (Code Ann. § 81A-166). A class action may not be dismissed

without approval of the court. OCGA § 9-11-23 (c) (Code Ann. § 81A-123).

The majority opinion creates a new exception to a plaintiff's right to dismiss. The exception is to disallow voluntary dismissal where the trial court has announced its decision relative to temporary custody of children in a pending divorce action. This may very well be a needed exception, but I believe legislative action is required to create this new exception. The majority opinion holds that the trial court's announcement is the equivalent of a "verdict" within the meaning of OCGA § 9-11-41 (Code Ann. § 81A-141). The word "verdict" relates to a final determination of the action in the trial court. OCGA § 9-11-41 (Code Ann. § 81A-141) dictates a time limit before which a plaintiff may voluntarily dismiss. That time limit is at the end of the case, at the time of the verdict. The majority has moved that time limit forward to the temporary order. A temporary order of custody is merely a provision for custody, "until the final judgment in the case." OCGA § 19-6-14 (Code Ann. § 30-206). "Verdict" cannot be equated with a temporary custody order.

I am authorized to state that Presiding Justice Marshall and Justice Smith join in this dissent.