A96A2482. LEARY v. JULIAN.
(484 SE2d 75)

SMITH, Judge.

This appeal requires us to harmonize two lines of precedent to determine whether the open court announcement of a settlement agreed to by the parties prevents a plaintiff from exercising the right to voluntarily dismiss a claim under OCGA § 9-11-41 (a). For the reasons stated below, we find that it does, and we therefore affirm the trial court.

The facts of this case are not in dispute. In February 1993, appellant Dennis Leary filed a complaint alleging fraud and deceit against appellee Sara Julian. The parties reached a settlement before trial, and the attorneys for both sides announced the terms of the agreement before the court. The trial court did not reduce the settlement to a written order until February 26, 1996, nunc pro tunc to October

2, 1995. Three days before the order was filed, however, Leary filed a voluntary dismissal without prejudice in apparent contravention of the settlement arrangement.

On April 2, 1996, Julian filed a contempt action, alleging that Leary was in violation of the terms of the court-ordered settlement. Leary responded, relying on his voluntary dismissal and contending that it rendered the order null and void. After a hearing, the trial court found Leary in wilful contempt.

Leary appeals, asserting error on the part of the trial court for two reasons. He contends that his voluntary dismissal under OCGA § 9-11-41 (a) deprived the trial court of jurisdiction, which consequently rendered the trial court's settlement order a nullity. The effect of this, he also contends, is that he lacked sufficient notice of the substance of the contempt charge against him. We disagree on both counts. Analyzing the law governing voluntary dismissals together with that governing settlements in open court, we conclude that the trial court's adoption of the parties' settlement in open court was valid and enforceable and provided Leary with sufficient notice.

1. Pursuant to OCGA § 9-11-41 (a), a plaintiff may voluntarily dismiss a claim before resting his or her case.[1] Such a dismissal, however, is precluded as soon as the trial court announces a finding, judgment, or decision that serves to terminate the litigation. *Jones v. Burton*, 238 Ga. 394, 396 (233 SE2d 367) (1977); see also *Hannula v. Ramey*, 177 Ga. App. 512 (339 SE2d 735) (1986). When a judicial determination is made in open court, there is no requirement that its substance be memorialized in writing or reduced to an order to be effective against the parties or the plaintiff's right to dismiss the claim. *Jones*, supra; *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469) (1987). As the Supreme Court emphasized in *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983), knowledge of the actual, as opposed to possible, conclusion of the litigation precludes filing a voluntary dismissal. Id.

A finding, judgment, or decision will terminate a given case when it is "the equivalent of a verdict." *Bytell v. Paul*, 173 Ga. App. 83, 84 (325 SE2d 451) (1984). The Georgia courts have found preclusive: a trial court's oral announcement that it had decided to grant defendant's motion for directed verdict, although a written order was not filed until after plaintiff attempted to voluntarily dismiss, *Mixon v. Trinity Svcs.*, 176 Ga. App. 679 (337 SE2d 362) (1985); an automatic third-time dismissal with prejudice under OCGA § 9-11-41 (a), even though not yet reduced to writing by the court, *Zohoury v.*

---

[1] This Code section has been amended to change the latest time at which a plaintiff can dismiss an action, Ga. L. 1985, pp. 546-547, Ga. L. 1986, pp. 816-817, but this does not affect the rule at issue here. *Lakes v. Marriott Corp.*, 264 Ga. 475, 476, n. 4 (448 SE2d 203) (1994).

*Zohouri*, 218 Ga. App. 748 (463 SE2d 141) (1995); and a statement by the trial court that summary judgment "likely would be granted," *Guillebeau v. Yeargin*, 254 Ga. 490, 491-492 (1) (330 SE2d 585) (1985). Compare *Lakes v. Marriott Corp.*, supra at 478 (failure properly to file a demand for trial under local arbitration rules not knowledge of actual, as opposed to possible, result of case); *Muhanna v. O'Kelley*, 185 Ga. App. 220 (363 SE2d 626) (1987) (plaintiff's entitlement to summary judgment not preclusive if no announcement by court). The question presented here is whether participation in an agreed-upon, open court settlement is "the equivalent of a verdict" in a given case.

In Georgia, "settlement agreements are highly favored under the law and will be upheld whenever possible as a means of resolving uncertainties and preventing lawsuits. [Cit.]" *Schafer Properties v. Tara State Bank*, 220 Ga. App. 378, 380-381 (469 SE2d 743) (1996). In general, an oral settlement reached between the parties is enforceable if the parties' attorneys are vested with the power to enter into such agreements and do so before the court on behalf of the litigants, "absent fraud, collusion, or express prohibition of such an agreement." *White v. Owens*, 172 Ga. App. 373, 374 (323 SE2d 167) (1984). When it is undisputed that a settlement agreement is "definite, certain, and unambiguous," the court is obligated to put an end to the litigation by making the settlement its own judgment. See, e.g., *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga. App. 787, 788 (2) (415 SE2d 666) (1992). Given the finality accorded to the open court disclosure of an undisputed settlement agreement, we conclude that a voluntary dismissal under OCGA § 9-11-41 (a) may not be filed after all parties to a dispute announce a settlement agreement in open court and the trial court adopts the terms of the agreement in an oral order, even if that order is not reduced to writing until a later time.

This rule applies here because the terms of the settlement agreement are not questioned by the parties. Compare *Reichard v. Reichard*, 262 Ga. 561 (423 SE2d 241) (1992) (agreement not enforceable when parties do not agree it was accurate or complete). Although Leary challenges the general validity of the settlement on the basis of his voluntary dismissal, he has not challenged its terms; in his counterclaim he complained only of Julian's subsequent conduct in relation to the agreement. Because no genuine issue exists relative to the terms or enforceability of the settlement, the order of the lower court was plainly valid, and its decision to hold Leary in contempt despite the voluntary dismissal therefore was proper.

2. Leary also argues that the decision to hold him in contempt was erroneous because, by referencing only the allegedly defective order, Julian's application for contempt failed to alert him to an order

requiring compliance. This argument is groundless. It depends upon a total denial of the existence of the order ultimately entered by the trial court and the references to it in the contempt application. Because the order entered by the trial court following the agreed-to settlement was proper, Leary's mere denial of its existence is insufficient to support this enumeration. The trial court, therefore, did not err in holding Leary in wilful contempt.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED MARCH 13, 1997.

*Lloyd E. Hall*, for appellant.
*Steinberg & Vrono, Charles J. Vrono*, for appellee.