## A04A0183. MIKKILINENI v. LAWVER.
### (601 SE2d 128)

MILLER, Judge.

Rao Mikkilineni appeals from the trial court's order granting Darcy Lawver permission to dismiss his personal injury suit without prejudice after resting his case at trial. We discern no error and affirm.

Lawver, a DeKalb County police officer, sued Mikkilineni for personal injuries he received while providing security for a motorcade. After Lawver rested his case at trial, Mikkilineni moved for a directed verdict based on the extension of the "Fireman's Rule" to police officers. This rule prohibits a police officer from recovering for personal injuries received while performing an official duty, unless the injuries are caused by wilful and wanton misconduct or reckless indifference to the consequences. See *Martin v. Gaither*, 219 Ga. App. 646, 651-652 (466 SE2d 621) (1995). Lawver's counsel opposed the directed verdict motion by pointing out that evidence was submitted during the trial from which a jury could infer wilful and wanton misconduct on the defendant's part. The trial court then took a brief recess to review the law.

When the trial court returned to the bench, plaintiff's counsel presented additional argument about why the evidence demonstrated wilful and wanton misconduct and therefore precluded application of the Fireman's Rule. The trial court then stated:

> The rule which is announced in *Martin versus Gaither*, which makes the Fireman's Rule applicable to police officers, just in my judgment, clearly and unavoidably relates to the conduct which the plaintiff in this case was engaged in. And when it — when that case says that a public safety officer cannot base a tort claim upon damages caused by the very risk that he is

paid to encounter and with which he is trained to cope, it pretty well hits the nail on the head.

The trial court then explained that it did not believe the pleadings could be amended over the objection of opposing counsel, even in the absence of a pre-trial order. Plaintiff's counsel responded that the objection should have been made at the time the evidence was offered and that defense counsel had not done so. The trial court then took another brief recess to examine the law on this issue.

When the trial court returned, it announced, "Now, I'm about to rule on the defendant's motion for a directed verdict. Everybody understand that?" At this point, plaintiff's counsel, for the first time, asked for the trial court's permission to voluntarily dismiss the case. The trial court then explained that he believed the Fireman's Rule applied to the case, that the pleadings did not allege wilful and wanton misconduct, that it had the discretion to allow the plaintiff to amend the pleadings to conform to the evidence, and that he had "not yet decided if I'm inclined to do that."

The trial court then gave defense counsel the option of telling the trial court whether she preferred that the trial court: (1) allow the plaintiff to amend the pleadings and proceed with the trial; or (2) allow the plaintiff to voluntarily dismiss and refile the case with an allegation of wilful and wanton misconduct. Defense counsel requested that the trial court first rule on the motion for a directed verdict, which the trial court refused to do. As a result, defense counsel declined the court's offer to choose a ruling out of fear of waiving the opportunity to appeal any denial of its motion for directed verdict. The trial court then granted the plaintiff's motion for permission to voluntarily dismiss.

Mikkilineni appeals from this order, contending that because the trial court had already indicated that it would grant the motion to dismiss, it could no longer grant the plaintiff permission to voluntarily dismiss under OCGA § 9-11-41 (a). OCGA § 9-11-41 (a) provides the procedure for allowing a plaintiff to voluntarily dismiss a lawsuit without prejudice. A plaintiff must obtain an order from the court to voluntarily dismiss after the first witness has been sworn. OCGA § 9-11-41 (a) (2).

Our Supreme Court has held that

[t]he intent of the legislature in enacting OCGA § 9-11-41 (a) was to give a plaintiff an opportunity to escape from an "untenable position" and relitigate the case, and thus there is no "bad-faith exception" to the right to dismiss and later relitigate, despite inconvenience and irritation to the defendant.

(Citation omitted.) *Lakes v. Marriott Corp.*, 264 Ga. 475, 476 (448 SE2d 203) (1994). There is, however, a judicially created limitation on this right.

> [A]fter a party has taken the chances of litigation and knows what is the *actual* result reached in the suit by the tribunal which is to pass upon it, he can not, by exercising his right of voluntary dismissal, deprive the opposite party of the victory thus gained. It is the knowledge of the *actual*, not of the *possible*, result of a case which precludes the exercise of the right of dismissal.

(Citation omitted; emphasis supplied.) Id. at 477.

Mikkilineni relies on this limitation to support his claim that the trial court should not have allowed the plaintiff to voluntarily dismiss. According to Mikkilineni, the trial court's statement that the Fireman's Rule applied to the case "was tantamount to an announcement of a ruling in Defendant's favor." We disagree. The trial court never actually announced that it was directing a verdict in favor of the defendant. Its statement that the Fireman's Rule applied to the case did not necessarily mandate judgment in favor of the defendant because the trial court never addressed whether the wilful and wanton misconduct exception applied.

The record is clear that the trial court never actually ruled on defendant's motion for a directed verdict. Indeed, defense counsel asked for such a ruling when the trial court gave her the option of choosing to continue with the trial through an amendment of the pleadings or starting over again with a voluntary dismissal. "The right of a plaintiff to have his case decided on its merits cannot be cut off by what is only formulated, or formulating, in the judge's mind." *Bytell v. Paul*, 173 Ga. App. 83, 84 (325 SE2d 451) (1984); see also *Pizza Ring Enterprises v. Mills Mgmt. Sources*, 154 Ga. App. 45 (267 SE2d 487) (1980) (holding voluntary dismissal permissible because trial court had not yet reached a decision on the merits). "[W]ithout an announcement from the trial court of the *actual* outcome of the case, the 'handwriting on the wall' is merely in pencil, subject to being erased." (Emphasis supplied.) *Lakes*, supra, 264 Ga. at 477.

Additionally, we have previously noted that the "dearth of authority on point, i.e, dismissal by statutory judicial discretion rather than by right, may be explained by the broad discretion necessarily afforded a trial court while the case remains within its breast." *Redman Homes v. Voss*, 212 Ga. App. 404, 406 (1) (441 SE2d 792) (1994). Thus, we apply "liberal appellate scrutiny of a trial court's approval of a motion to dismiss without prejudice pursuant to OCGA § 9-11-41 (a)." Id.

Since the trial court did not err by granting permission for the plaintiff to voluntarily dismiss, we affirm.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 24, 2004.

*Melynee C. Leftridge*, for appellant.
*Browning & Tanksley, Charles B. Tanksley*, for appellee.