A04A1952. WACHOVIA BANK SAVANNAH, N.A. et al.
v. KITCHEN et al.
(612 SE2d 885)

BLACKBURN, Presiding Judge.

Following the trial court's denial of its motion to strike the voluntary dismissal of a case brought against it by Harry Kitchen, Jr. and Charlotte S. Kitchen (the Kitchens), Wachovia Bank Savannah, N.A. appeals, contending that the Kitchens were precluded from attempting to dismiss without prejudice under OCGA § 9-11-41 (a) because the trial court had orally announced that it intended to grant

an earlier motion to dismiss for failure to state a claim brought by Wachovia. For the reasons set forth below, we affirm.

The record shows that, for various reasons, the Kitchens filed a complaint against Wachovia on July 9, 2003. On October 2, 2003, Wachovia filed a motion to dismiss the Kitchens' case for failure to state a claim, and, on December 1, 2003, the trial court held a hearing on this motion.[1] At the conclusion of this hearing, the trial court orally stated to Wachovia: "I'll grant your motion [to dismiss]. Draft the order and provide them a copy first, and then if I'm wrong, they can appeal it." This order was never reduced to writing and signed by the trial court.

On the day of the December 1, 2003 hearing, the Kitchens filed a voluntary dismissal pursuant to OCGA § 9-11-41 (a) entitled "Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice." In response to the Kitchens' voluntary dismissal, on December 18, 2003, Wachovia filed a motion entitled "Motion to Strike Plaintiffs' Motion to Dismiss Without Prejudice." In its motion, Wachovia requested that the trial court "strike the Plaintiffs' Motion to Dismiss Without Prejudice and enter [a] proposed order granting Defendants' Motion to Dismiss."

In addition to its motion, Wachovia briefed the trial court on all of the law it now currently raises in the present appeal. Specifically, Wachovia argued below, as it does now, that the trial court's "oral ruling on [Wachovia's Motion to Dismiss] was a ruling on the merits, thus precluding the [Kitchens] from attempting to dismiss without prejudice under Section 9-11-41 (a)."

However, despite Wachovia's contention, "it is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Punctuation omitted.) *Smith v. State*;[2] OCGA § 5-6-31. It is equally elementary that a trial court is not bound by its oral statements made during the course of a hearing to the extent that such oral decisions cannot be changed prior to the time a final written order is entered.

On March 1, 2004, the trial court conducted a hearing on Wachovia's motion to strike the Kitchens' motion to dismiss. Then, on March 3, 2004, the trial court entered an order stating: "This Court, having read and considered [Wachovia's] Motion to Strike Plaintiffs' Motion to Dismiss Without Prejudice and [the Kitchens'] response thereto, and having held a hearing on March 1, 2004, hereby denies [Wachovia's] Motion. *This case stands dismissed without prejudice.*" (Emphasis supplied.)

---

[1] A transcript of this hearing has been included in the record.

[2] *Smith v. State*, 242 Ga. App. 459 (530 SE2d 223) (2000).

Wachovia now appeals this ruling, contending as it did below that, because the trial court had made a previous oral statement that it was going to grant Wachovia's motion to dismiss for failure to state a claim, the Kitchens could not voluntarily dismiss their lawsuit.

1. Wachovia's argument, however, fails to appreciate the trial court's discretion to accept the Kitchens' dismissal. Under the posture of this case, despite Wachovia's contentions otherwise, the trial court retained the right to change its mind regarding the outcome in this case prior to reducing its judgment to writing and filing it with the clerk of court within the same term. As stated above, until the final order is entered, the trial court retains the discretion to reflect on the evidence presented at a hearing and later change its mind. See, e.g., *In the Interest of L. H.*[3] The trial court did so in this case.

The trial court's decision to change its mind regarding the disposition of this case is clear on the face of the record. On December 1, 2003, it orally indicated: "I'll grant [Wachovia's] motion [to dismiss for failure to state a claim]." Later, on March 3, 2004, the trial court entered an order stating: "This case stands dismissed without prejudice." We cannot escape the simple fact of record that the trial court altered its opinion on the resolution of this case. And, as Wachovia has presented absolutely no showing that the trial court abused its discretion in changing its mind as to the outcome of this case, we must affirm the trial court's decision to deny Wachovia's motion to strike.

2. Nothing in either OCGA § 9-11-41 (a) or the relevant case law prevents the trial court from ruling as it did in this case.

(a) In this case, prior to entering a final written order on Wachovia's original motion to dismiss the Kitchens' case for failure to state a claim, the trial court, despite any earlier oral announcement, retained the discretion to further consider its ruling and change it. By denying Wachovia's motion to strike, the trial court did so in this case. As such, the Kitchens, in effect, were allowed to voluntarily dismiss their case with the permission of the trial court. In doing so, the trial court did not err.

(b) Contrary to Wachovia's arguments, the case law it cites does not support its conclusion that the trial court had no discretion in this case to deny Wachovia's motion to strike and allow the Kitchens' voluntary dismissal to stand. For example, *Guillebeau v. Yeargin*,[4] does not change the result in this case. In *Yeargin*, our Supreme Court reviewed a trial court's decision to *grant* the defendant's motion to set aside the plaintiff's voluntary dismissal of an action following an oral ruling in favor of the defendant. There, our Supreme Court affirmed

---

[3] *In the Interest of L. H.*, 242 Ga. App. 659 (530 SE2d 753) (2000).
[4] *Guillebeau v. Yeargin*, 254 Ga. 490 (330 SE2d 585) (1985).

the trial court's decision to set aside the voluntary dismissal in order to prevent the plaintiff from circumventing the trial court's oral ruling, about which there was no chance that the trial court had changed its mind, after more than a year of litigation had already ensued.

Here, on the other hand, we are reviewing a trial court's decision to *allow the voluntary dismissal to stand*, and, as such, the holding of *Yeargin* is not applicable. For this same reason, other cases cited by Wachovia also lack relevance here. See *Jones v. Burton*[5] (affirming *denial* of voluntary dismissal); *Hannula v. Ramey*[6] (same); *Groves v. Groves*[7] (same); *Leary v. Julian*[8] (same).

The record in this case conclusively shows that, rather than granting Wachovia's motion to dismiss, the trial court subsequently changed its mind and decided to place its imprimatur on the Kitchens' voluntary dismissal. There is no question that, prior to denying Wachovia's motion to strike, the disposition of this case remained in the breast of the trial court. As such, the trial court retained the discretion to decide that, rather than granting Wachovia's motion to dismiss, it would authorize the Kitchens' voluntary dismissal. Wachovia has failed to show that, in doing so, the trial court abused its discretion. We must affirm the trial court's ruling.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MARCH 30, 2005.

*Hunter, Maclean, Exley & Dunn, Kirby G. Mason*, for appellants.
*Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt*, for appellees.

[5] *Jones v. Burton*, 238 Ga. 394 (233 SE2d 367) (1977).
[6] *Hannula v. Ramey*, 177 Ga. App. 512 (339 SE2d 735) (1986).
[7] *Groves v. Groves*, 250 Ga. 459 (298 SE2d 506) (1983).
[8] *Leary v. Julian*, 225 Ga. App. 472 (484 SE2d 75) (1997).