A07A0415. McKESSON CORPORATION et al. v. GREEN et al.
(648 SE2d 457)

BARNES, Chief Judge.

McKesson Corporation and McKesson Information Solutions, Inc. appeal the trial court's order overruling their objection to the plaintiffs' voluntary dismissal without prejudice and their motion for attorney fees. For the reasons that follow, we affirm.

McKesson, a large, publicly traded health care supply management company, acquired McKesson Information Solutions, LLC, formerly known as HBO and Company (HBOC). The plaintiffs, Holcombe T. Green, HTG Corporation, and Hall Family Investments, L.P., owned stock in HBOC, which was converted to McKesson stock. After the merger, McKesson announced that, according to its audit, HBOC had overstated its pre-merger earnings, and McKesson's stock price plummeted.

The plaintiffs sued McKesson for fraud and RICO violations, contending that they were induced to hold their HBOC stock while the financial statements reflected inflated earnings, which became worth much less after McKesson announced the earnings overstatement. The parties conducted discovery, and the trial court denied McKesson's motion for summary judgment on the fraud claim, finding that the plaintiffs produced evidence creating material issues of

fact on all elements of fraud. It granted McKesson's motion on the RICO claim, finding that the plaintiffs had no standing to make it. In the same order, the trial court determined that the plaintiffs' damages expert did not meet the federal *Daubert* standards imposed by OCGA § 24-9-67.1 and granted McKesson's motion in limine to exclude his testimony. The merits of those decisions are not before us. The trial court later denied the plaintiffs' motion to name a new expert on damages because the plaintiffs had agreed to serve their expert reports long ago; it had already allowed the plaintiffs to submit a fourth damages calculation before it ruled on the *Daubert* issue; and because the scheduling order precluded any additional damages opinions.

With the case set for trial but no expert witness on damages, the plaintiffs voluntarily dismissed their complaint without prejudice under OCGA § 9-11-41 (a) and refiled it in another court. McKesson filed a motion objecting to the plaintiffs' voluntary dismissal without prejudice, contending that the dismissal should be with prejudice because it violated the purposes of the expert witnesses statute and constituted "forum shopping." McKesson also moved the court to award it attorney fees and costs under OCGA § 9-11-68, the proffer of settlement statute. The trial court denied both motions, and McKesson appeals.

1. The plaintiff-appellees have moved to dismiss this appeal, arguing that it was untimely because it was filed more than 30 days from the date they dismissed the lawsuit. They also argue that the trial court lacked jurisdiction to rule on McKesson's objection as the case was dismissed, and that the trial court's order denying the motions was not an appealable "final order" as contemplated by OCGA § 5-6-34 (a).

First, the plaintiffs argue both that the dismissal itself was not a final order, and that the appeal was late because it was filed more than 30 days after the dismissal. McKesson argues not that the dismissal was a final decision, but that the trial court's order overruling its objection to the dismissal is a final decision, from which it properly appealed within 30 days. The plaintiffs contend that if this court allows an appeal from an order denying a motion objecting to a dismissal, we "would create a whole new class of appeals."

In addressing the propriety of voluntary dismissals, we have found no cases specifically analyzing a *defendant's* right to appeal a trial court's order upholding a plaintiff's dismissal. The cases that address the propriety of a voluntary dismissal assume that the issue is appealable and then analyze the propriety of the dismissal. We have concluded that a plaintiff cannot appeal his own voluntary dismissal. See *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995); *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (384

SE2d 227) (1989). In *Studdard*, we held that the dismissal had to be not only final, but "appealable by the party filing the notice of appeal." The plaintiff in *Studdard* could not "use her own voluntary dismissal as the vehicle for appellate review of rulings entered by the trial court more than 30 days from the filing of the notice of appeal," and we thus dismissed her appeal.

The situation before us is different. The plaintiffs could not have appealed their voluntary dismissal because they filed it themselves. The defendants, on the other hand, objected to the dismissal and sought a ruling from the trial court. Pretermitting whether the plaintiffs' dismissal itself was a "final order" from which McKesson could appeal directly, the trial court's subsequent order on McKesson's objection to the dismissal is appealable. When the trial court ruled, final judgment had issued. The defendants were not precluded from filing an appeal from this judgment because they were the parties opposing the dismissal rather than the parties who filed the dismissal.

The plaintiff-appellees' motion to dismiss the appeal is denied.

2. McKesson argues that the trial court erred in overruling its objection to the plaintiffs' voluntary dismissal without prejudice, contending that the dismissal should be with prejudice. The company asserts that the plaintiffs' right to voluntarily dismiss their complaint is limited by the expert witness statute, OCGA § 24-9-67.1, because the legislature intended to prevent forum shopping by plaintiffs and the statute requires resolution of any *Daubert* motions before the final pretrial conference. McKesson also argues that allowing the plaintiffs to dismiss without prejudice conflicts with OCGA § 9-11-16, which expressly permits trial courts to limit the number of expert witnesses.

OCGA § 9-11-41 (a) (1) (A) provides that, "[s]ubject to the provisions of subsection (e) of Code Section 9-11-23 [(class actions)], Code Section 9-11-66 [(action with appointed receiver)], *and any statute*, an action may be dismissed by the plaintiff, without order or permission of court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn." In *Chatham Orthopaedic &c. v. Ga. Alliance &c.*, 262 Ga. App. 353 (585 SE2d 700) (2003),[1] this court held that a plaintiff's right to voluntarily dismiss a case without prejudice was subject to the provisions of the Anti-Strategic Lawsuits Against Public Policy (Anti-SLAPP) statute, OCGA § 9-11-11.1. The Anti-SLAPP statute provides that

---

[1] Overruled on other grounds, *Berryhill v. Ga. Community Support &c.*, 281 Ga. 439 (638 SE2d 278) (2006).

[f]or any claim against a person . . . arising from an act . . . which could reasonably be construed as an act in furtherance of the right of free speech or the right to petition government for a redress of grievances under the Constitution of the United States or the Constitution of the State of Georgia in connection with an issue of public interest or concern,

the plaintiff and the plaintiff's attorney must contemporaneously file a written verification under oath, stating essentially that the claim was not made for an improper purpose. OCGA § 9-11-11.1 (b). If the verification is not filed with the complaint, the complaint *"shall be stricken"* within ten days after the omission is called to the attention of the complaining party. (Emphasis supplied.) Id.

In *Chatham Orthopaedic,* we held that the plaintiffs could not voluntarily dismiss and refile their lawsuit because their failure to timely verify the original lawsuit within the ten-day period constituted a nonamendable defect, which required automatic dismissal with prejudice of the original lawsuit under OCGA § 9-11-11.1 (b). The appellants' right to voluntarily dismiss without prejudice under OCGA § 9-11-41 (a) was thus limited by the provisions of the Anti-SLAPP statute, and we concluded that the trial court did not err in ruling that the voluntary dismissal was with prejudice by operation of law. *Chatham Orthopaedic,* supra, 262 Ga. App. at 358.

McKesson contends that OCGA § 24-9-67.1 similarly limits the plaintiffs' right to dismiss voluntarily without prejudice in two ways. First, it argues, one of the express purposes of the statute is to prevent forum shopping, which results if the plaintiffs are allowed to dismiss and refile in another court. Subsection (f) provides:

It is the intent of the legislature that, in all civil cases, the courts of the State of Georgia not be viewed as open to expert evidence that would not be admissible in other states. Therefore, in interpreting and applying this Code section, the courts of this state may draw from the opinions of the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U. S. 579 [(113 SC 2786, 125 LE2d 469)] (1993); *General Electric Co. v. Joiner,* 522 U. S. 136 [(118 SC 512, 139 LE2d 508)] (1997); *Kumho Tire Co., Ltd. v. Carmichael,* 526 U. S. 137 [(119 SC 1167, 143 LE2d 238)] (1999); and other cases in federal courts applying the standards announced by the United States Supreme Court in these cases.

Although the statute itself addresses forum shopping among states, McKesson argues that "it is inconceivable" that the legislature would be concerned about forum shopping from other states but not from within the state.

Second, McKesson argues that the expert witness statute limits the plaintiffs' right to dismiss voluntarily without prejudice because it requires the trial court to rule on a *Daubert* motion "no later than the final pretrial conference," OCGA § 24-9-67.1 (d), and that requirement "clearly contemplates that a party will not be allowed to appoint a replacement expert if the first expert is disqualified." Similarly, allowing the plaintiffs to dismiss without prejudice conflicts with OCGA § 9-11-16 (a) (4), McKesson argues, which permits the trial court to consider limiting the number of expert witnesses. Dismissal without prejudice after the court limits the number of experts, as it did here, would be "unjust and render meaningless" the trial court's authority to set limitations under the authority of this statute.

We have previously considered similar challenges to the voluntary dismissal statute.

> Defendants argue that the plaintiff's voluntary dismissal was in violation of the Civil Practice Act and public policy since it served to squander scarce judicial resources by allowing plaintiff to relitigate the case in another court. Nonetheless, we find no merit in this contention since it has been repeatedly held that the intent of the legislature in enacting OCGA § 9-11-41 (a) was to give plaintiffs the opportunity to escape untenable positions and relitigate the case. There is no bad faith exception to the right to dismiss and later relitigate, despite whatever inconvenience and irritation this may cause the defendants.

(Citations omitted.) *Bunch v. Vincent*, 234 Ga. App. 637, 637-638 (2) (507 SE2d 239) (1998) (plaintiff allowed to dismiss after Court of Appeals remanded for hearing on prior grant of partial summary judgment). If we interpret these Code sections as limiting the plaintiffs' dismissal right because the trial court had already issued certain rulings, which would be undone when a plaintiff dismissed and refiled, that argument logically would extend to any other statute under which the court issued rulings. In enacting the dismissal and renewal statute, the legislature was well aware of the resultant costs to defendants in time, money, and aggravation, and if the legislature intended to foreclose a plaintiff's ability to dismiss and refile, it could have said so.

In reversing an attorney fee award under OCGA § 9-15-14 to a defendant bank after the plaintiff dismissed his case mid-trial, we held:

> Assuming the existence of a justiciable issue for jury determination and the absence of any intent to delay or harass or to expand unnecessarily the proceedings, it is self-evident that no plaintiff would exercise his statutory right to dismiss his case voluntarily if he believed the case was proceeding satisfactorily. It is equally self-evident that a plaintiff's exercise of this statutory right would be particularly irksome to the defendant in the case, who is powerless to abridge the plaintiff's dismissal in the absence of any pending affirmative relief being sought. The unavoidable result of the use by a plaintiff of the voluntary dismissal statute is to deprive the defendant of having a factfinder pass on the question in issue. Thus, the inescapable conclusion is that the legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit despite the inconvenience and irritation to the defendant.

(Emphasis omitted.) *Griggs v. Columbus Bank & Trust Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988). As to the claim that dismissing and refiling in another court constitutes "improper judge shopping," obtaining a different judge is simply the result of the action, not necessarily the reason for doing so. See *Morris v. Mullis*, 264 Ga. App. 428, 430 (590 SE2d 823) (2003).

Legislation that clearly establishes an intent to foreclose a plaintiff's ability to refile limits the plaintiff's right under OCGA § 9-11-41 (a). For example, three previous voluntary dismissals of a wrongful death action operated as an adjudication on the merits in the defendants' favor by the express provisions of OCGA § 9-11-41 (a). *Belco Elec. v. Bush*, 204 Ga. App. 811, 815 (420 SE2d 602) (1992). In *Chatham Orthopaedic*, the Anti-SLAPP statute expressly provides that a case is dismissed with prejudice for failing to file the required verification. The trial court in this case observed that, unlike the Anti-SLAPP statute, neither OCGA § 24-9-67.1 nor § 9-11-16 *requires* that a complaint be dismissed or stricken for failing to comply with those statutes' terms.

We have also determined that a trial court's pronouncement of a finding, judgment, or decision that serves to terminate the litigation forecloses a plaintiff's right to dismiss without prejudice, as when a trial judge announces in open court that the parties reached a

settlement. *Leary v. Julian*, 225 Ga. App. 472 (484 SE2d 75) (1997). On the other hand, a plaintiff retains the right to dismiss without prejudice even if he anticipates a negative ruling but the trial court has not actually ruled. See, e.g., *Lakes v. Marriott Corp.*, 264 Ga. 475 (448 SE2d 203) (1994) (plaintiff dismissed after defendant obtained arbitration award and moved for entry of judgment); *Mikkilineni v. Lawver*, 267 Ga. App. 558 (601 SE2d 128) (2004) (plaintiff dismissed after trial court indicated it would grant the defendant's motion for directed verdict per the Fireman's Rule); *Mariner Health Care v. PricewaterhouseCoopers*, 282 Ga. App. 217 (638 SE2d 340) (2006) (plaintiff dismissed day before sanctions hearing); *Redman Homes, Inc. v. Voss*, 212 Ga. App. 404 (441 SE2d 792) (1994) (under prior version of statute allowing dismissal before resting, plaintiff dismissed because key witness failed to appear). Here, although the trial court disallowed the opinion of plaintiffs' expert witness as to damages, the court had not announced a final decision that would terminate the case in McKesson's favor and foreclose the plaintiffs' ability to dismiss their case without prejudice.

For these reasons, the trial court did not err in overruling McKesson's objection to the plaintiffs' voluntary dismissal without prejudice.

3. McKesson contends that the trial court erred in denying its motion for attorney fees under OCGA § 9-11-68 (b) (1). That Code section provides that a defendant whose settlement offer is rejected shall recover attorney fees and expenses of litigation "if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement." The trial court in this case entered no final judgment within the meaning of the statute, and therefore did not err in denying this motion. A right to dismiss voluntarily without prejudice would be meaningless if doing so would trigger the payment of the defendant's attorney fees. Without explicit language establishing that the legislature intended to excise a plaintiff's right to dismiss in this manner, this court will not engraft such an intention into the statute.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JUNE 25, 2007 — ■

*Morris, Manning & Martin, John H. Williamson, Simon R. Malko*, for appellants.

*Schklar, Wright & Henderson, Edwin J. Schklar, William B. Ney, Fellows, Johnson & La Briola, Henry D. Fellows, Jr., Dorothy Y. Kirkley*, for appellees.