### A09A1133. SANDERS et al. v. GRAVES.
(678 SE2d 220)

ANDREWS, Presiding Judge.

On appeal from the trial court's order enforcing a settlement agreement with his former girlfriend and business partner, Donald Sanders argues that no agreement was reached. We disagree and affirm.

> In Georgia, settlement agreements are highly favored under the law and will be upheld whenever possible as a means of resolving uncertainties and preventing lawsuits. In general, an oral settlement reached between the parties is enforceable if the parties' attorneys are vested with the power to enter into such agreements and do so before the court on behalf of the litigants, absent fraud, collusion, or express prohibition of such an agreement. When it is undisputed that a settlement agreement is definite, certain, and unambiguous, the court is obligated to put an end to the litigation by making the settlement its own judgment.

(Citations and punctuation omitted.) *Leary v. Julian*, 225 Ga. App. 472, 474 (1) (484 SE2d 75) (1997). The question whether the parties reached an accord and satisfaction is for the factfinder unless there are no genuine issues of material fact. *Progressive Cas. Ins. Co. v. Evans*, 276 Ga. App. 594, 595 (623 SE2d 767) (2005).

So viewed, the record shows that the parties met at a scheduled deposition and asked the court reporter to transcribe their "final resolution of all the issues raised" in Karen Graves's complaint for assault and battery and constructive trust as well as Sanders's counterclaim. The terms of the settlement included Sanders's payment of $156,000, his satisfaction of a debt to the Internal Revenue Service, the transfer of two automobiles to Graves, and both parties' execution of quitclaim deeds. The parties also agreed to a mutual restraining order. When counsel asked at the conclusion of the session whether Sanders agreed to the settlement, the following exchange occurred:

> Sanders: That's what was written down and that's what I'll abide by. Is that a good way to put it?
> [Graves's counsel]: That sounds good enough.

Sanders: That's not what I want, no.

[Graves's counsel]: All right.

We reject Sanders's contention that because the parties did not mention Graves's claim of assault and battery in the course of their discussion, the settlement did not encompass that claim. On the contrary, the record shows that the terms worked out by the parties amounted to a "final resolution of all the issues raised" by the pleadings.

Sanders also argues that his expressions of dissatisfaction with the settlement, and particularly his last statement that it was "not what [he] want[ed]," shows that no settlement was reached. But the law cannot concern itself with Sanders's lingering discontent over a bargain struck on the record and with the benefit of counsel. The trial court did not err when it enforced the settlement agreement. *Leary*, 225 Ga. App. at 474 (1) (enforcing settlement agreement where "no genuine issue exists relative to the terms or enforceability of the settlement").

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MAY 12, 2009.

*Healy & Svoren, Timothy P. Healy*, for appellants.
*Cummings & Dillard, Michael H. Cummings II*, for appellee.