A10A2008. MAYS et al. v. THE KROGER COMPANY et al.

(701 SE2d 909)

ANDREWS, Presiding Judge.

This appeal had its origins in the incorrect filling of a prescription by a Kroger pharmacist, allegedly resulting in Carrie Lee Mays's suffering of seizures, and a hospital's administration of intravenous medication to Mays's hand, allegedly resulting in Mays's further injury and death. After the hospital defendants settled for $120,000, a jury awarded Mays's estate $150,000 for pain and suffering and $6,561.90 for medical expenses. In *The Kroger Company v. Mays*, 292 Ga. App. 399 (664 SE2d 812) (2008), we held that the Kroger defendants and the hospital defendants had been joint rather than successive tortfeasors and remanded the case for a determination of the setoff amount. Id. at 401-402. On remand, the trial court held that the jury's verdict be set off by the entire $120,000 settlement. On second appeal, the estate argues that this judgment erroneously ignored the settlement's allocation of $105,000 to the heirs' wrongful death claim but only $15,000 to the estate's claim for pain and suffering. We agree and reverse.

The record shows that shortly before trial, plaintiffs and the hospital defendants negotiated a settlement agreement providing that the hospital defendants would pay $105,000 to plaintiffs "in settlement of the wrongful death claim," and $15,000 "in settlement of the Estate's claim." As a result of this settlement, and as the parties agreed, the only remaining claim at trial was the estate's, for Mays's pain and suffering, against the Kroger defendants. See *Kroger*, 292 Ga. App. at 399, n. 1. On the last day of trial, defense counsel raised the question whether defendants would be entitled to a setoff in the amount paid by the hospital defendants. The parties reported to the court that they had agreed to have "just a single verdict rendered for both sets of injuries" — that is, for both "pain and suffering caused by seizures" and "pain and suffering caused by the hand injury," so that if the court found setoff appropriate, plaintiffs would not "argue that there should have been a verdict finding the specific amount of pain and suffering *for each injury*." (Emphasis supplied.) The verdict form reflected these agreements when it listed the estate as the only remaining plaintiff, Kroger and its pharmacist as the only remaining defendants, and pain and suffering, medical expenses, and punitive damages as the only remaining award categories for the jury's consideration.

These undisputed facts prove that the parties reached a settlement of the heirs' wrongful death claim before the entry of the verdict. See *Sanders v. Graves*, 297 Ga. App. 779, 779-780 (678 SE2d 220) (2009) (enforcing a settlement "struck on the record and with the benefit of counsel"). The parties also agree that "where the

plaintiff has settled with one or more of the claimed tortfeasors and proceeds to trial against the remaining tortfeasor, any damages awarded at trial must be reduced by the amount of the settlement." *Brown v. Southern Aggregates Co.*, 207 Ga. App. 886, 886-887 (429 SE2d 294) (1993).

It is equally clear, however, that a survivor's statutory claim for a decedent's wrongful death and an estate's common-law claim for the same decedent's pain and suffering are distinct causes of action. See OCGA §§ 51-4-2 (a) (authorizing cause of action for wrongful death by a surviving spouse or child), 51-4-5 (a) (authorizing estate administrator to bring cause for wrongful death only if there is no surviving spouse or child); *Blackstone v. Blackstone*, 282 Ga. App. 515, 518, n. 5 (639 SE2d 369) (2006) ("A wrongful death action . . . is separate and distinct from a survival action for pain and suffering"). The trial court erred when it set off a judgment concerning the estate's claim for Mays's pain and suffering by an amount settling the survivors' claim for Mays's wrongful death. See *Powers v. Wren*, 198 Ga. 316, 319 (1) (31 SE2d 713) (1944) (sustaining demurrer to cross-action for setoff to a conversion action in the amount of a series of notes because "[t]he two claims were not of a similar nature"); compare *Ga. Pipe Co. v. Lawler*, 262 Ga. App. 22, 24 (1) (584 SE2d 634) (2003) (reversing judgment for $300,000 more than the jury's verdict when one tortfeasor executed an unallocated lump sum settlement, since "the remaining defendant was entitled to the full benefit" of the settlement paid by the other defendants), overruled on other grounds, *Kia Motors America v. Range*, 276 Ga. App. 360, 365 (1) (623 SE2d 514) (2005).

We therefore reverse and remand the case with direction that judgment be entered for the estate in the amount of the jury's verdict for Mays's pain and suffering as set off by the amount allocated by the settling parties to that claim — that is, by $15,000 rather than by $120,000.

*Judgment reversed and case remanded with direction. Ellington and Doyle, JJ., concur.*

DECIDED OCTOBER 1, 2010.

*Charles A. Mathis, Jr., Susan M. Cremer*, for appellants.
*Douglas A. Wilde*, for appellees.