## A11A1248. FIRST MEDIA GROUP, INC. v. DOE.
### (717 SE2d 277)

DILLARD, Judge.

First Media Group, Inc. ("FMG") appeals an order in which the trial court declined to set aside Jane Doe's voluntary dismissal of her lawsuit, which occurred after Doe became aware that the court requested FMG to draft a proposed order granting its motion for summary judgment. The trial court permitted the voluntary dismissal over FMG's objection upon concluding that Doe did not have actual notice of the trial court's intended disposition of FMG's summary-judgment motion prior to dismissing the complaint. For the reasons noted infra, we affirm.

The underlying facts are largely undisputed. Jane Doe sued FMG on behalf of her minor daughter, Julie Doe, who was allegedly raped by a customer of FMG's "Quest Personals" telephone system, which Julie had joined. FMG moved for summary judgment on Doe's claims, and the trial court conducted a hearing on the motion.

At some point following the hearing, the trial judge's law clerk telephoned FMG's counsel to request that FMG draft a proposed order granting summary judgment in its favor. No similar request was made of Doe or her counsel.

On Friday evening, April 3, 2009, FMG's counsel sent an e-mail, with the draft order attached, to the trial judge's law clerk and copied the e-mail to Doe's counsel, which noted: "Per your request, attached as an editable Word document is a proposed opinion in the Jane Doe matter." This was the first, and only, communication to Doe or her counsel regarding a potential resolution of FMG's summary-judgment motion. Doe's counsel called the trial court's chambers the same night and the following Monday morning to inquire as to whether the court also wanted Doe to draft a proposed

order, but he was unable to reach anyone.

Later that morning, Doe filed a voluntary dismissal without prejudice under OCGA § 9-11-41 (a) (1) (A),[1] to which FMG objected. The trial court issued an order expressly holding that it had neither communicated any intended disposition to Doe or her counsel, nor had FMG's e-mail imputed to Doe *actual* knowledge of a decided ruling by the trial court on FMG's summary-judgment motion. Consequently, the trial court held that Doe's voluntary dismissal was proper.

On appeal, FMG contends that the trial court erred in concluding that Doe did not have actual knowledge of the trial court's impending decision in favor of FMG. To the extent our analysis of the trial court's order involves mixed questions of law and fact, we review the court's factual findings for clear error and the accompanying legal issues de novo.[2]

At the outset, we note that under Georgia law a plaintiff may voluntarily dismiss her complaint without prejudice "[b]y filing a written notice of dismissal at any time before the first witness is sworn."[3] However,

> the announcement by a trial judge of a decision that will terminate a civil case, though that decision has not been formally reduced to writing and entered, will preclude the filing of a voluntary dismissal after the announcement but before the judgment is actually entered by the trial judge.[4]

Further, "[i]t is knowledge of the *actual*, not of the possible, result of a case which precludes the exercise of the right of dismissal."[5]

And here, FMG asserts that Doe's awareness of FMG's e-mail communication to the trial court—in which FMG acknowledged the trial court's request for a proposed order—amounted to "actual knowledge" by Doe that the trial court would "likely . . . grant[ ]" summary judgment against her.[6] FMG argues, therefore, that Doe

---

[1] OCGA § 9-11-41 (a) (1) (A) ("[A]n action may be dismissed by the plaintiff, without order or permission of court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn."). Such a dismissal is without prejudice. *Id.* at (a) (3).

[2] *McGhee v. Jones*, 287 Ga. App. 345, 347 (2) (652 SE2d 163) (2007).

[3] OCGA § 9-11-41 (a) (1) (A).

[4] *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469) (1987) (quoting *Jones v. Burton*, 238 Ga. 394, 396 (1) (233 SE2d 367) (1977)).

[5] *Id.* (citing *Groves v. Groves*, 250 Ga. 459 (1) (298 SE2d 506) (1983)).

[6] *See Groves*, 250 Ga. at 459 ("It has been held that the plaintiff's right to dismiss can not be exercised after a verdict or a finding by the judge which is equivalent thereto has been reached, if he has acquired actual knowledge of the verdict or finding, whether the same has been published or not." (citation and punctuation omitted)); *Leary v. Julian*, 225 Ga. App. 472,

was prohibited from voluntarily dismissing her complaint.[7]

FMG's argument, however, fails for two reasons. First, pretermitting the issue of whether the law precludes a plaintiff from dismissing a lawsuit based upon information gleaned from a third-party regarding a court's intended disposition of a case, the trial court's request for a proposed order in the case sub judice did not demand a finding that the court intended to rule in FMG's favor.[8] Second, as held by the trial court, FMG's e-mail did not impute to Doe or her counsel actual knowledge of the court's impending ruling, which it never announced or rendered. Thus, while Doe may have (understandably) inferred from the trial court's request a possible or likely ruling, or more colloquially, that the "handwriting was on the wall," in the absence of "an announcement from the trial court of the actual outcome of the case, the 'handwriting on the wall' is merely in pencil, subject to being erased."[9] And "[t]he right of a plaintiff to have his case decided on its merits cannot be cut off by what is only formulated, or formulating, in the judge's mind."[10] It follows, then, that a request by the trial court's clerk that FMG draft a proposed order in its own favor did not enable FMG to effect an end to Doe's case by informing Doe of that request.[11]

Accordingly, the trial court did not err in finding that FMG's e-mail did not impute to Doe actual knowledge of an unfavorable ruling by the court, or in concluding that Doe was authorized to voluntarily dismiss her lawsuit.

---

473-74 (1) (484 SE2d 75) (1997) ("Georgia courts have found preclusive . . . a statement by the trial court that summary judgment 'likely would be granted' " (citation and punctuation omitted)).

[7] *Groves*, 250 Ga. at 459 (1).

[8] *See Lakes v. Marriott Corp.*, 264 Ga. 475, 477 (448 SE2d 203) (1994) ("[U]ntil the entry of that judgment or an announcement by the trial court of an intent to rule for the defendant, the defendant has only an expectation of being awarded a judgment." (citation and punctuation omitted)); *Groves*, 250 Ga. at 459 ("It is the knowledge of the actual, not of the possible, result of a case which precludes the exercise of the right of dismissal." (citation and punctuation omitted)); *McKesson Corp. v. Green*, 286 Ga. App. 110, 116 (2) (648 SE2d 457) (2007) ("[A] plaintiff retains the right to dismiss without prejudice even if he anticipates a negative ruling but the trial court has not actually ruled."); *Johnson*, 184 Ga. App. at 676 (allowing plaintiffs to voluntarily dismiss lawsuit even after trial court signed order dismissing it with prejudice because there was "no evidence that the trial court announced or communicated its decision to plaintiffs").

[9] *Lakes*, 264 Ga. at 477.

[10] *Mikkilineni v. Lawver*, 267 Ga. App. 558, 560 (601 SE2d 128) (2004) (quoting *Bytell v. Paul*, 173 Ga. App. 83, 84 (325 SE2d 451) (1984)).

[11] *See, e.g.*, *Lakes*, 264 Ga. 475 (plaintiff dismissed complaint after defendant obtained arbitration award and moved for entry of judgment); *McKesson Corp.*, 286 Ga. App. at 116 (2) (plaintiff dismissed lawsuit after trial court disallowed the opinion of plaintiff's expert witness as to damages); *Mariner Health Care v. PricewaterhouseCoopers*, 282 Ga. App. 217 (638 SE2d 340) (2006) (plaintiff dismissed lawsuit day before sanctions hearing); *Mikkilineni*, 267 Ga. App. 558 (plaintiff dismissed case after trial court indicated it would grant the defendant's motion for directed verdict).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 21, 2011 —
RECONSIDERATION DENIED OCTOBER 17, 2011 — 

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Alston & Bird, Jay D. Bennett,* for appellant.
*Lance A. Cooper, Robert K. Finnell,* for appellee.